Hopkins agt. Everett.

---

## SUPREME COURT.

### HOPKINS agt. EVERETT.

A demurrer will lie to a *denial* in an answer as well as to *new matter*.

The complaint alleged "that defendant assaulted the plaintiff, and seized him by his collar, and shook him violently." The answer "denies that he did assault the said plaintiff and seize him by his collar and shook him violently"; *held*, that this was bad pleading under the Code. The answer grouped together all the charges on a general denial, so that defendant might have been guilty of two and not of one separately; whereas, if he intended to deny them all, he should have done so disjunctively.

*Putnam Special Term, September* 1850. This was a demurrer to an answer.

E. YERKS, *for Plaintiff.*

B. BAILEY, *for Defendant.*

BARCULO, Justice.—The counsel for the defendant is mistaken in supposing that a demurrer will not lie against a *denial* in an answer as well as to new matter. The word " same," in section 153 of the Code, refers to the word " answer," and not to " new matter."

I think, also, that the answer is insufficient. The complaint alleges that defendant " assaulted the plaintiff, and seized him by his collar and shook him violently." The answer " denies that he did assault the said plaintiff, *and* seize him by his collar, *and* shook him violently." The defendant has grouped three of the charges and denied them under oath in such a manner that if he

should be guilty of two and not guilty of any one, his answer would not be literally untrue. This is not good pleading within the Code. The object of the special pleading, and the oath adopted by the code, is to require the defendant to admit so much of the charge as he can not conscientiously deny, and thus narrow the issues to those points which are really in controversy.

The denial in this case should have been of each charge disjunctively, if the defendant intended to put the whole of them in issue.

Judgment for plaintiff on demurrer, with leave to defendant to amend on the usual terms.