Ketcham v. Zerega.

---

### Thomas Ketcham *v.* Augustus Zerega.

A defendant will not be permitted to answer by denying knowledge or information sufficient to form a belief, where the facts alleged in the complaint, if true, must necessarily be known to him, or where he must be deemed, as matter of law, to have notice thereof—as, for instance, of a judgment against him in the same court—unless he gives some explanation, showing his good faith in the matter, and that his answer is not false or evasive.

But this objection cannot be made by demurrer to the answer. It can be urged on motion only.

A demurrer will not lie in any case, to matter in the answer, which goes merely in *denial* of the complaint. It is only to *new matter* in the answer, that a demurrer can be interposed.

In general, hypothetical pleading is objectionable, and may be corrected on motion ;

but there are some cases in which a defendant may answer hypothetically—*i. e.*, justify or avoid the facts alleged, without in terms admitting them to be true.

It is only *for the purposes of the issue* upon the matter of *avoidance* or *justification*, that the defendant is *deemed* to admit the truth of the plaintiff's allegations. They were not generally in *form* admitted, under the system of pleading existing before the code.

Hence, a plea of discharge in bankruptcy, containing the words, "if any such promises were made"—"if any such judgment was recovered, it was discharged," &c., is not bad on demurrer for insufficiency. Such words may be irrelevant or impertinent, but they do not render the answer insufficient.

Where a defendant wishes to rest his denial of the fact alleged, upon his ignorance, he must aver that he has neither knowledge *nor information*, sufficient to form a belief. The requirements of § 149 of the code, are not satisfied by alleging want of *knowledge* only.

Upon a demurrer, under § 153 of the code, the sufficiency, of the matter stated in the answer, *to constitute a defence*, is alone to be considered.

Where judgment has been given, at special term, for the defendant, upon the plaintiff's demurrer to the answer, and the plaintiff has not *there* sought for leave to withdraw the demurrer and to reply, it is not the time nor place to apply for such leave, *for the first time*, upon the argument of an appeal from the judgment to the general term.

This was a suit upon a judgment. The complaint alleged that this court, upon notice to the defendant, had granted leave to commence the action; that on or about the sixth day of November, 1840, the plaintiff recovered a judgment in the said court against the defendant, for $465 81, which judgment remains in full force, and not satisfied nor annulled, and that the defendant is indebted to the plaintiff thereon in that amount, with interest.

The answer alleges, that the defendant "has no knowledge sufficient to form a belief, whether the said plaintiff did, on or about the time by him in that behalf stated, recover in the court of common pleas for the city and county of New York, by the judgment and consideration of the said court, the judgment against this defendant stated; and this defendant leaves the said plaintiff to prove the same according to law."

The answer proceeds: "And this defendant, further answering, denies that the said judgment, if so recovered, still stands in full force and effect, and in no way satisfied or annulled."

Ketcham v. Zerega.

After a general denial of indebtedness, the defendant sets up proceedings in bankruptcy, and avers, that "the aforesaid judgment, so by the said plaintiff set forth in his said complaint, (if any such were by the said plaintiff recovered, as by the said plaintiff alleged in his said bill,) arose, existed and was recovered," before the presentation of his petition in bankruptcy, and "was provable under the act" of congress, by virtue of which the proceedings were taken, and that by the decree of the United States district court therein, he was discharged from the said judgment.

The plaintiff demurred on the grounds, 1, That the defendant could not, residing in the city of New York, rightfully or truthfully deny knowledge of the existence of the judgment; 2, That his denial of any knowledge, sufficient to form a belief, whether the judgment was obtained, as alleged, was evasive and insufficient; and 3, That "the defendant has answered hypothetically and evasively in relation to the said judgment and other matters." The demurrer concludes as follows: "Wherefore, and for other insufficiencies in said answer, the plaintiff demurs thereto, and prays judgment, as demanded in his complaint."

The court at special term, DALY, J., presiding, overruled the demurrer, and ordered judgment for the defendant. The plaintiff appealed to the general term. No application was made at the special term for leave to withdraw the demurrer and to answer, and such leave was not contained in the order appealed from.

*E. W. Chester*, for the plaintiff.

*A. D.* and *E. Logan*, for the defendant.

By THE COURT. WOODRUFF, J.—The answer in this case is by no means free from objection. The action is founded on a judgment alleged to have been recovered in this court by the plaintiff, against the defendant, which judgment is described in the complaint with a particularity quite sufficient to enable

the defendant to identify it, if it was rendered against him. Under such circumstances, I do not think a defendant should be permitted to make a denial of information sufficient to form a belief. It is palpably false on its face, and an abuse of that provision of the code which warrants such a form of denial, when the defendant has in truth no such information.

Here we can see that he *has* information sufficient to enable him to form a belief. He is a party to the judgment if it exist. It is on our own records. They are not only open and public, but as matter of law he is deemed to know of its existence. We have heretofore held, that in cases of this description, we would not allow a defendant to close his ears and set up a want of knowledge or information, when the facts averred were his own personal acts; and also where they were plainly known to his attorney in the cause, and acquired by him while acting for the defendant in the very matter in question. But it is unnecessary to declare the answer objectionable on this ground alone. The answer does not comply with the provisions of the 149th section of the code, wherein an answer disavowing information is allowed. That section requires a defendant, if he wishes to rest his denial upon his ignorance, to say that he has neither *knowledge* nor *information* of the fact alleged sufficient to form a belief. Here the defendant only says that he has no *knowledge* sufficient, but no where says that the *information* he has received is not sufficient, &c. For aught in the answer appearing, a defendant, who sought to answer evasively, when called, as in this case, to answer on oath, might, upon the information he has received, have a full belief that the fact alleged is true, and yet make the answer in the words of the present answer, satisfying his conscience by the reflection that information is not always *knowledge*.

I am by no means disposed to be rigidly critical in reviewing answers put in upon substantial grounds, and in substance complying with the rules of pleading; but I am still less disposed to allow the liberal provisions of the code, enacted for the purpose of eliciting the truth, and bringing parties to an

Ketcham v. Zerega.

issue upon the real points of contest, to be evaded or abused for the purposes of delay or vexation. The defendant here has information enough, and ought to state whether he denies the existence of such a judgment or not.

No doubt there are cases in which a defendant may be so situated that, although *prima facie* chargeable with information of the matter alleged, he may and (answering in good faith, and conscientiously) must aver the want of knowledge or information sufficient to form a belief. Probably an allegation of a judgment in a foreign tribunal might, if the defendant was not personally served with process, furnish such an example. And where such a state of things exists, it should be made to appear either on the pleadings, or if a motion was made to strike out or to disregard such an answer, then it could be shown by affidavit.

This objection to the answer will not, however, avail the plaintiff on a demurrer. Relief, if any, should be sought by motion.

It has uniformly been held in this court, since the case of *Hart* v. *Chapin*, in March General Term, 1850, that a demurrer will not lie to an answer going in *denial* of the complaint. The question has repeatedly arisen, and we still adhere to the opinion, that the only remedy for defects in such an answer, is by motion to strike out, or to amend, or an application for judgment, notwithstanding the answer. The case of *Smith* v. *Greenin*, 2 Sandf. S. C. Rep. 702, is to the same purport.

I am aware that it has been held otherwise in the supreme court. (See *Hopkins* v. *Everett*, 6 How. Pr. Rep. 159; *Sewell* v. *Howell*, 2 Code R. 33.) But in neither of these cases does it appear that the point was considered with any careful analysis of § 153, which alone authorizes a demurrer.

By the plain terms of that section, the right to reply and the right to demur depend upon the same condition, and are co-extensive, and present to the plaintiff a distinct alternative. Thus, the section first states the condition, "when the answer contains new matter," &c. Then the alternative, "the plain-

tiff may, within twenty days, *reply to such new matter*," and after giving the requisites of such reply to such new matter, " or he may demur to *the same* for insufficiency," &c.

That the words, " the same," here refer to the *new matter*, appears to me most consistent with the language of the section, and most reasonable in itself. There is no more propriety in allowing a demurrer to an answer going in denial of the complaint, when the answer contains a separate defence in avoidance, than when the denials stand alone. The answer in the former case is twofold, like separate pleas under the former practice.

And the concluding words of the section, to my mind, indicate that the legislature had the same view of this subject as here expressed, when they added that the plaintiff may demur to one or more of *several defences* or set off, set up in the answer, and reply to the residue, indicating that it was optional to reply or to demur; and that the right to reply and the right to demur were co-extensive. The amendment of 1852 makes this, I think, still more apparent.

In this view, the section must be read briefly thus: When the answer contains new matter, the defendant may reply to the new matter, or demur to it.

So far, then, as the demurrer rests upon the form of the denials in the answer, it was properly overruled. The relief of the plaintiff is to be sought in another manner, as above stated.

It only remains to consider, whether the demurrer to the new matter contained in the answer, was well taken *upon the grounds assigned* in the demurrer therefor.

If it be fully conceded that the denial of the recovery of the judgment is so defective that it may be disregarded, then the answer may be read as an admission that the judgment was in fact recovered, (2 Sandf. Supr. Ct. R. 702,) and the only question will then be, are the new matters, as averred, sufficient to constitute a defence. The recovery of the judgment being admitted, the words in the answer (" if any such were recovered," &c.) would be mere surplusage, and without any

effect upon the construction of the answer, or the *issues* which would arise thereon. So that in this view, the ground assigned in the demurrer, "that the defendant has answered hypothetically and evasively," fails.

On the other hand, if on this demurrer we hold the denial to be such that it cannot be disregarded as a nullity, still the demurrer must fail on the *ground assigned*.

The defendant has set up as a substantive defence, his discharge in bankruptcy. It is not assigned as any cause of demurrer, that so far as the answer sets up this discharge, it does not contain every requisite averment setting up such discharge, but only that he precedes this special matter by the words, "if any such judgment was recovered," &c.; (so that he may not be deemed thereby to admit the recovery of the judgment;) in brief, he says, if the plaintiff has recovered a judgment, I am discharged therefrom by the proceedings set forth.

I quite agree with numerous cases, in which it is held that hypothetical pleading is objectionable. (*Porter* v. *M'Cready*, 1 Code R. N. S. 88; *Lewis* v. *Kendall*, ib. 402; *Sayles* v. *Wooden*, ib. 409.) But I do not agree that there are not cases in which the defendant may be permitted to answer in an hypothetical form, and indeed in which, being called upon to answer under oath, he can, as a conscientious man, answer in that form only, without waiving one or more of his defences, and this under section 150, (which expressly authorizes a defendant to set up as many defences as he may have,) he cannot be required to do.

I had occasion to consider a case somewhat analogous, where the objection was that the two grounds of claim alleged were inconsistent, in *Buckman* v. *The Astor Mutual Ins. Co.*, July Special Term, 1851. There the matters which formed the ground of claim arose in the Pacific Ocean; the conduct *there* of the agents of the party was impeached, and the party could not be expected to know with certainty what the facts really were; and it appearing that he had stated his claim in two aspects, *either of which* showed his claim to be good, and given adequate reasons why he could not be more certain or specific,

it was held sufficient; and that although they were inconsistent with each other, he could not be required to elect between them, and so encounter the hazard, that on the proofs he would be defeated on the very ground, that the court compelled him to elect and he erred in his selection.

It may often be true, that the defendant is wholly ignorant of the facts alleged by the plaintiff, and if so, he cannot be required to admit them. To compel him to do so is to do injustice. Or, he may know that the facts alleged are positively untrue. Surely he cannot *then* be required to abandon his defence which upon that ground is full and complete. Nor if in such case he have a release, or other full defence, is he bound to waive that. He may set up both defences and insist upon both.

It is then clear to my mind that the defendant cannot be required, as a condition of averring new matter, to make an admission of the facts alleged, which shall preclude him from denying them on the trial. Such was not the rule before the code, and such is not the rule now. It is only *for the purposes of the issue formed upon the new matter*, that the defendant must admit, or rather that he is, by setting up the new matter, deemed to admit the truth of the allegations avoided thereby.

This is the whole of the rule, and the defendant was not required, even for this purpose, to admit the allegations in terms. On the contrary, the forms of special pleas in approved use, are, many of them, hypothetical in their construction. For example: Plea of license to a declaration in covenant, where breaches are assigned, after pleading *"non est factum,"* "and for further plea in this behalf as to the *said supposed breach* of covenant, the said C. D. saith," &c. (2 Chit. Plea. 527. So of plea of tender as to part, ib. 528; set off, p. 530; and other cases. In *case*, plea not guilty; 2d plea "he says, that he was not guilty of the *said supposed grievances*, &c., at any time within six years. (Ib. 533.) Like pleas in trespass "as to the assaulting, &c., above *supposed* to have been done," &c. (Ib. pp. 550, 551, 554.) So in assumpsit, infancy is pleaded "to the said several *supposed* promises and undertakings."

Ketcham v. Zerega.

(Ib. 457; Coverture, ib. 458.) Non-joinder of another defendant: "because they say that the said several supposed promises," &c., "*if any such were or was made* by them, were made by them and A. B., jointly," &c. (Ib. 457.)

Precedents of this description might be multiplied to almost any extent.

Such words not only did not vitiate the plea, but they made the whole pleadings consistent and harmonious; and yet for the purposes of the *issue* formed upon the *special plea*, the defendant was deemed to admit the facts thus *supposed*.

The common plea of bankruptcy of the defendant contained this hypothetical mode of stating the defence. And if the defendant's counsel had the common precedent before him when he framed the present answer, he would not have followed it in this respect more closely. See Chit. Pl. 459: "that after the making of the said several supposed promises and undertakings, *if any such were made*, he, the said C. D., became a bankrupt," &c., &c.

It is, therefore, I apprehend, an error to say that the use of such words as these, in a case like the present, render an answer *insufficient* as a pleading—or, indeed, insufficient in any legal sense. The term insufficiency, as used in § 153, which makes that alone the cause of demurrer, is an insufficiency in the defence set up; and the inquiry under it is, Does the matter alleged, in the manner in which it is alleged, constitute a. good defence to the action? There may be many imperfections, much surplusage, great vagueness, and want of due particularity, or other objections to the answer, but, *on demurrer*, the sufficiency of the matter stated to constitute a defence is alone to be considered.

Upon this ground, as well as because when a defendant answers in ignorance of all the facts, as he often must when his conscience is appealed to, he should be permitted, in good faith and with all the certainty in his power, to present his defences in such forms of alternative as may preserve to him all his defences, as was the constant practice in chancery formerly. I think that objections such as the present are only

36

to be urged by motion, and that a demurrer does not reach them.

This disposes of all the grounds stated in the demurrer, as the cause thereof.

It may probably be true, that this answer is insufficient, in not stating that the debt or claim set up in the complaint did not arise in consequence of the defalcation of the defendant as a public officer, nor while he was acting in a fiduciary capacity. Such was the opinion of the late supreme court in *Sacket* v. *Andross*, 5 Hill, 330. But this is not assigned in the demurrer as the ground upon which insufficiency is alleged. When the legislature, in § 153, authorized the plaintiff to demur for insufficiency, stating therein the grounds thereof, they, by necessary implication, forbid our entertaining a demurrer which does not state such grounds, or sustaining a demurrer for grounds not stated.

The demurrer in this case was, therefore, properly overruled, and the judgment appealed from should be affirmed.

It does not appear that leave to withdraw the demurrer and reply was sought below; if it had been, it would probably have been granted, or if refused, such refusal might perhaps have been reviewed under the rule of this court, permitting the parties to present questions of practice to the general term in special cases; but it is not the time nor place to ask such leave for the *first time*, when the appeal from the *judgment* entered below is brought on for argument.

Judgment affirmed.