(37 App. Div. 550.)

## PEOPLE ex rel. GUNST v. GOLDSTEIN.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. MANDAMUS—INSPECTION OF CORPORATE BOOKS—PLEADING.

Since the president of a company has a right to inspect the company's books, it is no defense to an application by him for a writ of mandamus to compel the secretary to allow such inspection of the stock book, that defendant permitted an inspection of the other books of the company.

2. SAME.

Or that he furnished relator with an accurate statement of the condition of the company.

3. SAME.

Or that relator had stopped the proper delivery of the company's mail.

4. SAME. .

Or that relator had collected the company's money without turning it over to defendant.

5. SAME.

Or that relator's motives are improper.

6. SAME—DENIAL OF DEMAND.

An allegation of demand, that relator had on a certain day, and frequently since then, demanded the production of books for inspection, is not denied by a denial that he had "frequently" demanded their production.

7. SAME.

An allegation, in an affidavit of relator's attorney, that he demanded that relator be allowed to inspect certain books is not denied by a denial that a demand was made that "they" be allowed the inspection.

8. SAME.

An allegation, in an affidavit of relator's attorney, that, in reply to a demand for the production of certain books, defendant, in the presence of deponent and relator and W., refused to produce such books, is not denied by a denial that defendant refused "in the presence of W."

9. SAME.

An allegation that defendant, when a demand was made on him for certain books, stated that between certain dates such books had been out of the office, and that he "then and there" refused to produce such books, is not denied by a denial that he refused to produce the books "during the time therein mentioned."

10. SAME.

Defendant's allegations that at no time were the books kept away from relator, and that they were open for his inspection, are mere conclusions, and do not amount to a denial of allegations of demand and refusal.

11. SAME—PLEADING—ADMISSION BY FAILURE TO DENY.

Allegations of demand and refusal, which are not denied in the answer, are admitted.

Appeal from special term, New York county.

Application for mandamus, on the relation of Jacob M. Gunst, against Louis A. Goldstein. From an order granting a peremptory mandamus, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abraham B. Schleimer, for appellant.

Harry Van Ness Philip, for respondent.

BARRETT, J. The order appealed from commanded the defendant, who is the secretary and treasurer of the J. M. Gunst Disinfecting

Company, to produce the stock book of the company, and to allow the relator, who is its president, to inspect it and to make extracts therefrom. It seems strange that there should be a controversy upon such a subject. The president of the company is clearly entitled to examine its books, and the secretary should only be too willing to permit him to do so. And yet the defendant opposed the relator's application below, and now appeals from an order directing him to permit the inspection. We quite agree with the defendant that, if any material fact in the relator's papers was denied, a peremptory mandamus should not have been granted. That is undoubtedly the rule. But, upon a careful analysis of the affidavits pro and con, we find no such denial. There is a mass of matter in the respective affidavits, partly irrelevant and partly argumentative, which has no real bearing upon the application. It is, for instance, quite immaterial whether the defendant permitted an inspection of books of the corporation other than the stock book, or whether he furnished the relator with an accurate statement of the condition of the company, or whether the relator stopped the proper delivery of the company's mail, or collected the company's money without turning it over to the defendant. Then, too, the relator's motives are of no moment. The defendant has no right to question them. An inspection of its books by the president of the company is a matter of right. The question then is, did the defendant refuse to permit the relator to inspect the stock book? The relator avers a demand and refusal, while the defendant plainly evades that allegation. He denies a great many other things,—unimportant in themselves,—but he does not deny this particular averment. To illustrate, the relator says that on the 6th day of January, 1899, and daily since that time, he has frequently demanded that the defendant produce the stock book for his inspection. The defendant denies this allegation in ipsissimis verbis. The denial would be true, if the relator had made the demand once or twice since the 6th day of January, but not "frequently." The relator further states that the defendant in reply to every such demand "has willfully refused, and does now willfully refuse, to produce said stock book," and to allow him to inspect the same. This statement is not denied at all. The relator then alleges that the defendant on the 6th day of January, 1899, locked up all the other books, and that repeatedly and daily thereafter he has demanded to be allowed to look at the same, and has been refused. To this irrelevant allegation the defendant interposes a denial that he locked up all the books of account and stock books of the corporation, and that he has repeatedly and daily thereafter, upon relator's demand, refused to allow him to look at the same. This is a denial of what is not alleged, namely, that the defendant locked up the stock book. Again, the relator's attorney deposes to an additional demand made upon the 11th day of January, 1899. He says that on that day, at the office of the company, in the presence and on behalf of the relator, he demanded that the defendant allow the relator to inspect the stock book, and to make extracts therefrom. This is, in legal effect, undenied. What the defendant denies is that the attorney demanded that "they" be allowed the inspection. The alle-

gation is that the attorney demanded that an inspection be allowed
the relator, not the relator and himself.    The attorney adds that, in
reply to this latter demand, the defendant, "in the presence of Mr.
Charles W. Weston, said Gunst, and this deponent," stated that he
had removed the stock book from the office of the company; that
between the 6th and the 11th days of January, 1899, it had at all times
been out of the office of the company; and that the defendant then
and there refused to allow "said Gunst, the president of the com-
pany, to see said stock book."    The denial here is that the defendant
made the reply deposed to in the presence of Weston.    It is not
denied that he made it.    The denial would be true, if the reply had
been made in the presence of Gunst and the attorney.    It is also
denied that "during the times therein mentioned"—that is, during
the interval between the 6th and the 11th of January—the defend-
ant refused Gunst the inspection, but it is not denied that he "then
and there" refused it.    Nor is it denied that during the interval the
stock book had at all times been out of the office of the company.
Thus, there were at some points no denials at all, at others mere
negatives pregnant, and at still others conjunctive denials, which
were evasive and tendered immaterial issues.    Under well-settled
rules the allegation of a demand and refusal was therefore admitted.
Kay v. Whittaker, 44 N. Y. 565; Young v. Catlett, 6 Duer, 439;
Baker v. Bailey, 16 Barb. 54; Hopkins v. Everett, 6 How. Prac. 159.

The defendant's affirmative statements that at no time were any
of the books kept away from the relator, and that they were open
for his inspection at his choice, were mere conclusions.    These state-
ments do not weaken the legal effect of the admitted demand and
refusal.

The order appealed from was right, and should be affirmed, with
costs.    All concur.