THEODORE S. MILLER, as a Director of HONDUR-AMERICAN CATTLE, AGRICULTURAL AND COLONIZATION COMPANY, Appellant, *v.* JOSIAH QUINCY, Respondent, Impleaded with Others.

CORPORATIONS — CODE OF CIVIL PROCEDURE, §§ 1781, 1782, APPLIES TO FOREIGN CORPORATIONS. A director of a foreign corporation transacting business and having its principal office in this state may, under sections 1781 and 1782 of the Code of Civil Procedure, maintain an action against individuals who were formerly directors for an accounting and restoration of money belonging to the corporation alleged to have been misappropriated and wasted by them in violation of their duties as such directors; the contention, that these provisions of the statute apply to domestic corporations only and restrict the maintenance of such an action to directors thereof, is not only unauthorized by the general language of the statute but is contrary to justice and sound policy and would render impossible any other form of redress in cases of this character.

*Miller* v. *Barlow*, 88 App. Div. 529, reversed.

(Argued October 3, 1904; decided October 28, 1904.)

APPEAL, by permission, from a judgment entered January 12, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Frank P. Ufford* and *Philip Carpenter* for appellant. The action is maintainable by the plaintiff, as a director, upon the general principles of equity, independently of the statute. Facts are, therefore, stated sufficient to constitute a cause of action. (*Ernst* v. *R. & B. S. Gas Co.*, 38 App. Div. 388; *Nash* v. *Hall*, 11 Misc. Rep. 468; *Ives* v. *Smith*, 19 N. Y. S. R. 556; *Ervin* v. *O. R. & N. Co.*, 62 How. Pr. 490; *Babcock* v. *S. L. V. R. Co.*, 31 N. Y. S. R. 643; *Prouty* v. *M. S. & N. I. R. Co.*, 1 Hun, 655.) The statute itself, however (§§ 1781, 1782), applies to foreign as well as domestic corporations. (*Ernst* v. *Rutherford*, 38 App. Div. 392;

Stokes v. Stokes, 23 App. Div. 552; Whitman v. H. P. Co., 33 Misc. Rep. 47; McCrea v. Chahoon, 54 Hun, 583; Littel v. Sayre, 7 Hun, 485; Richtmyer v. Richtmyer, 50 Barb. 55; F. F. Ins. Co. v. Baldwin, 37 N. Y. 648; People v. Crooks, 53 N. Y. 648; Leslie v. Lorillard, 18 Wkly. Dig. 288; Vorshefskey v. H. C. & I. Co., 21 App. Div. 168; Brown v. T. Ins. Co., 21 App. Div. 44; Nash v. H. S. Co., 90 Hun, 354.)

Sumner B. Stiles for respondent. Sections 1781 and 1782 of the Code of Civil Procedure apply only to a domestic corporation, and do not authorize any action by a director against a foreign corporation, and his co-directors. (Miller v. Barlow, 78 App. Div. 336; Merrick v. Van Santvoord, 34 N. Y. 208; People v. Lowe, 117 N. Y. 175; People v. Ballard, 134 N. Y. 269; Hutchinson v. Stadler, 85 App. Div. 424.)

O'BRIEN, J. The question of law presented by this appeal is of considerable practical importance, and arises upon a demurrer by one of the defendants to the complaint.

There are three grounds of demurrer specified in the pleading: (1) That it appears upon the face of the complaint that the court has not jurisdiction of the subject of the action. (2) That it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. (3) That upon the face of the complaint there is a defect of parties plaintiff. If the complaint is defective for any reason stated in the demurrer the defect must appear upon the face of the complaint. Of course, there may be omissions in the pleading, or defenses in fact may exist to the cause of action. But, generally speaking, these are matters of defense, and the court, upon the decision of the demurrer, can look only to defects which appear upon the face of the complaint. All other defenses, if any, must be interposed by answer, and if not so interposed are deemed to be waived. Hence, the review in this case must be confined entirely to what appears upon the

face of the complaint, and unless it can be demonstrated from the facts stated, either that the court has no jurisdiction of the action, or that the complaint does not state sufficient facts against the demurring defendant to constitute a cause of action, then the demurrer is bad. All the facts stated in the complaint are admitted by the demurrer, and the question is whether those facts constitute a cause of action in favor of the plaintiff and against the demurring defendant.

It is, therefore, necessary to get a clear conception of the case which is made by the complaint. The plaintiff alleges that he is one of the directors of a business corporation created by the laws of West Virginia and that the corporation now and ever since its organization has had its principal place of business and office for the transfer of stock in the city of New York, and that it is engaged in business in this state. It then alleges that prior to September 20th, 1898, the defendants were elected directors of this corporation and continued as such until May 16th, 1899; that on or about the 15th of December, 1898, certain parties named paid to the corporation the sum of $25,000, as the consideration of a certain business transaction between those parties and the corporation; that subsequently these defendants, being then directors, wrongfully appropriated the said money to their own use, or wasted and misapplied it with other funds of the corporation. The relief demanded is that the defendants and each of them individually be required to account for their official conduct in the management and disposition of the funds and property of the corporation; that the defendants and each of them be compelled to pay to the corporation, or to the receiver thereof that may be appointed in the action, such sum as may be found to be due from them upon such accounting and any money and the value of any property which the defendants have acquired by themselves or transferred to others, or lost or used in violation of their duties as such directors and officers, or otherwise, including the said sum of $25,000. It should be noted here that the corporation itself is made a party defendant in the action, although so far as the record discloses it

does not appear or make any defense to the charges contained in the complaint.

It may be observed here, in order to clear away some things that create confusion in the discussion, that this is not an action by or against either a foreign or a domestic corporation, except so far as the corporation in question is made a nominal defendant upon the record. It is an action by an individual director against individuals who were formerly directors to recover from the latter money belonging to the corporation which they had misappropriated or wasted in violation of their duties as directors, and the sole question is whether the plaintiff is entitled to sue the defendants in the courts of this state to compel them to restore to the corporate treasury the funds that they have received and retained, or wasted, contrary to the duties of their trust. We do not know from the complaint itself where either the plaintiff or the individual defendants reside. I am not aware that that question is of any importance. The complaint does show that the business of the defendant is in this state; that its principal place of business is here and that it has an office in this state for the transfer of its stock. If the residence or citizenship of any of the defendants is of any importance in the case, then the defect, if any, in that respect is not disclosed by the complaint, but is matter of defense. It is not even suggested in the demurrer, or in the argument at the bar, that that question enters into the case at all, or is of any consequence, and it seems to me that it is not.

Although the demurrer is based upon the three grounds stated, no question has been discussed at the bar in support of the judgment, or in the court below, except the right of the plaintiff to maintain the action. That proposition is made very plain by a paragraph in the prevailing opinion of the learned court below, as follows: " The question here presented relates solely to the right of the plaintiff to maintain this action. The right of a foreign corporation to sue its defaulting directors or officers, or the right of a stockholder suing on behalf of himself and all other stockholders to enforce such a

right on behalf of the corporation when it neglects and refuses to enforce it, is not presented." So it will be seen that the question in this case is a narrow one, and it is desirable that it should be confined within the limits which the inquiry naturally suggests. The learned judge at Special Term overruled the demurrer, but his decision was reversed at the Appellate Division by a divided court, and the demurrer was sustained. The learned court thereupon certified to us the single question whether the complaint stated facts sufficient to constitute a cause of action. It is plain, therefore, from the history of the case and the condition of the pleadings, that the question involved is simply this: Has the plaintiff stated facts sufficient to enable him to procure from the courts in this state the relief demanded, or any relief whatever? It is admitted that the plaintiff is a director of the corporation; that the defendants are former directors who have gone out of office, but while in office wrongfully appropriated the corporate funds, and still retain them. It would seem to be quite plain that these facts would constitute a cause of action against the defendants in favor of some one, and we have to deal only with the question whether this plaintiff is authorized by law to institute and prosecute the action.

By the statute of this state (Code Civ. Proc. § 1781) an action may be maintained against one or more trustees, directors or managers, or other officers of a corporation, to procure a judgment upon various grounds therein stated. Among the grounds stated are (1), to compel the defendants to account for their official conduct in the management and disposition of the funds and property committed to their charge. (2) To compel them to pay to the corporation which they represent, or to its creditors, any money and the value of any property which they have acquired themselves, or transferred to others, or lost or wasted, by a violation of their duties. The charges contained in the complaint against the defendants are manifestly within the scope of this section. The next question is whether the plaintiff is the proper party to move the court for the relief therein provided. That question, I think, is

very plainly answered by the succeeding section, 1782, which declares that an action for the purposes above specified may be brought by the attorney-general in behalf of the people of the state, or "by a creditor of the corporation, or by a trustee, director, manager or other officer of the corporation, having a general superintendence of its concerns." It cannot be doubted that this general language covers this case.

But this proposition is attempted to be answered, or avoided, by the argument that the provisions of the statute referred to do not include actions by or against foreign corporations, or by or against defaulting directors of such corporations. Upon that argument, and no other, the plaintiff has been defeated in this case. The learned court below refused to apply the general language of the statute, but restricted it to particular cases and to a certain class of directors. In other words, it has been held that when our statute permits a director of a corporation to bring an action against defaulting co-directors, or parties who have once been directors, for their misconduct, the statute means all the time a director of a domestic corporation and not a director of a foreign corporation. It will be seen that the word "director" is used in the same way in the section that the words "trustee," "manager," or other officer of the corporation having a general superintendence of its concerns, are used. Of course the argument, if sound, must go to the extent of asserting that a creditor cannot maintain an action against defaulting trustees, unless he shows that he is a creditor of a domestic corporation. Neither can a manager or other officer maintain an action unless he happens to be a manager or officer of a domestic corporation. It would necessarily follow from this argument that the directors of a foreign corporation transacting business and having its principal office in this state may plunder the corporation with impunity and the courts of this state are without power to redress such wrongs as appear upon the face of the complaint in this case. If they cannot be sued here they cannot be sued in a foreign state, unless they come within its jurisdiction. There is no good reason, I think, for holding that the right of

a director to bring an action of this character is confined to cases arising with respect to domestic corporations. The language of the statute is broad and general. The purpose of the law and the remedy prescribed is just as applicable to the case at bar as to any other.

Moreover, it seems to me that the restriction which the learned court below has placed upon the word " director " as used in the statute is not only unauthorized by the whole scope and policy of the preceding section, but is contrary to justice and sound policy. It is a matter of common knowledge that hundreds of corporations in this state are organized under the laws of New Jersey, or some adjoining state, but the business and all the operations of the corporation are conducted here, except possibly, once a year, there may be a meeting of the stockholders in the state creating the corporation for the purposes of a new election. In all other respects these corporations stand upon the same footing as though organized here under the laws of this state; and what reason can be given for denying to a director of such a corporation the right to bring an action such as might be brought and maintained by a director of a domestic corporation ? The distinction between the two classes of corporations in this respect is simply arbitrary and rests upon no sound reason, or any principle of public policy.

It should be observed that the two sections of the Code referred to have been supplemented by three subsequent sections (1809, 1810, 1811). By section 1812 these three sections are made applicable to an action or special proceeding against either a domestic or a foreign corporation. Bearing always in mind the fact that this is an action by an individual director of a foreign corporation in the courts of this state to compel other individuals who, while directors, had become wrongfully possessed of the corporate funds and property, to account for the same, it is difficult to suggest any sound reason for denying to the plaintiff the relief which he seeks to obtain. I do not think that there is any well-considered authority to support the judgment in this case, and it would

seem that a sound public policy would require the application of the provisions of the Code referred to to the facts stated in the complaint. That would certainly seem to have been the view of Judge CULLEN when discussing a similar case in the Supreme Court. (*Ernst* v. *Rutherford and B. S. Gas Co.*, 38 App. Div. 388.) It is there said: "We do not suppose that it was intended by this section of the Code to give our courts any greater jurisdiction in the case of actions against foreign corporations than they have against natural persons. But the basis of an action for an accounting and restoration against offending officials of a corporation is the trust relation which such officials bear to the corporation and to its stockholders. This gives a court of equity jurisdiction of the subject-matter wherever it can obtain jurisdiction of the persons of the defendants, even though the subject-matter might be real estate lying without the State, (*Chase* v. *Knickerbocker Phosphate Co.* 32 App. Div. 400), which is not the fact here. The right of the plaintiffs as stockholders to compel a restoration by the officers of the corporation is coextensive with the right of the corporation itself. Surely the corporation would not be confined to the courts of the State which created it, but could pursue its officers in whatever jurisdiction it might find them; otherwise it would be remediless if those officers remained without the State.

"The learned judge, however, was of opinion that this action was more than for a restoration and accounting; that it was, in effect, an action to control the internal management of the corporation itself. Concerning an action of the last character he was of opinion that the corporation could only be called to account in the tribunals of the State which created it. We are not prepared to admit the correctness of the proposition as broadly as stated by the learned justice. If the illegal acts of the directors or of the corporation offended solely against the majesty of the State to which it owed its life, in other words, constituted only public wrongs, the proposition is probably correct; for we are not compelled, nor should we entertain actions simply to redress the outraged dignity of foreign gov-

ernments.  But if such illegal acts also cause injury to the property rights of individual stockholders who are citizens of this State, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants. A contrary rule would, in our judgment, be unfortunate at this time, when, for some reason, the majority of corporate enterprises in this State (those of a *quasi* public nature, such as railroads, etc., excepted) are carried on under incorporations effected under the laws of other States.  We are of opinion, however, that this action is strictly for restoration and an accounting, and, therefore, that the court had jurisdiction of the subject-matter."

In the case at bar the action is for the same purpose; that is, for an accounting and restoration.  The plaintiff has summoned the defendants to appear in the courts of this state to answer for their misconduct in misappropriating or wasting the money of a corporation of which he is a director or trustee.  The courts of this state have, I think, the power to require the defendants at the suit of the plaintiff to make good to the corporation the money taken from its treasury and by them misappropriated or wasted.

It may well be that some of the provisions of these sections of the Code, to which I have referred, are applicable only to domestic corporations or their directors, but we are concerned now only with the one action, such as this is, for an accounting and restoration, and to such actions, we think, they apply not only by reason of the general language employed, but on grounds of justice and sound policy, as well as the impossibility of any other form of redress.

It follows that the judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs, and the question certified should be answered in the affirmative.

Cullen, Ch. J., Vann and Werner, JJ., concur; Haight and Martin, JJ., dissent; Gray, J., absent.

Judgment reversed, etc.