PEOPLE ex rel. McINNES v. COLUMBIA PAPER BAG CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. CORPORATIONS—EXAMINATION OF BOOKS—RIGHTS OF DIRECTORS—MANDA-
   MUS.

   A director of a corporation, being responsible to stockholders for the
   faithful execution of his trust, and having alleged that the president and
   the other director were wasting the corporation's assets, was entitled to
   a peremptory mandamus to require the president and treasurer to ex-

hibit to relator, etc., the corporation's books of account, records, and papers for examination.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 264.]

**2. SAME—EXTENT OF RELIEF.**

A peremptory writ of mandamus requiring the president and treasurer of a corporation to exhibit to a director, his attorney, accountant, and assistants, without limitation in number, the books and records of the corporation, and permit an examination thereof for a period of three months, should be modified so as to authorize such examination to be made by the director and one accountant during four weeks, with a provision for an extension of time, if necessary, on application to the court.

Appeal from Special Term, New York County.

Mandamus by the people, on relation of Hugh McInnes, against the Columbia Paper Bag Company and another. From an order granting a peremptory writ, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Isaac W. Goodhue, for appellants.
J. A. Arnold, for respondent.

PATTERSON, J. The relator, a director and stockholder of the defendant, a domestic corporation doing business in the city of New York, applied to the court for a peremptory mandamus to require the president and treasurer of the corporation to exhibit to him, his attorney, accountant, and assistants, all books of account, records, and papers of the defendant corporation. The motion was granted, and from the order entered thereupon the defendant corporation and the president thereof, who is also a defendant, appeal.

Whether the relator was entitled to the writ as a stockholder, we need not consider. He was a director, and, as such, as matter of law, he was entitled to the peremptory writ. Thompson's Law of Corporations, § 4429; People ex rel. Gunst v. Goldstein, 37 App. Div. 550, 56 N. Y. Supp. 306; People ex rel. Muir v. Throop, 12 Wend. 185; People ex rel. Onderdonk v. Mott, 1 How. Prac. 247. Sufficient facts appear in the petition and affidavits to justify the action of the court below in granting this writ. There are allegations that the president of the company and another director (there being but three directors) are wasting its assets. A director of a corporation is responsible to stockholders for the faithful execution of his trust. He is also authorized by law to maintain an action to recover back moneys or property wastefully disposed of by those in control and management of the corporation. Miller v. Quincy, 179 N. Y. 294, 72 N. E. 116. The relator has shown to the satisfaction of the court below that he has not been permitted to make such examination of the books as would enable him to ascertain the exact status of the affairs of the corporation. It is true that there is much contained in the answering affidavits by which the two other directors of the corporation attempt to show that they endeavored to meet all the reasonable demands of the relator, and to have the books examined and the condition of the corporation disclosed; but the relator, as a director, is entitled to make the examination for himself, or with

the aid of a competent and proper person employed by him and approved by the court. The order from which this appeal is taken is so drawn that, if the defendants object to the persons nominated by the relator for the purpose in view, they may serve objections to such persons, which objections are to be passed upon by the justice making the order. But that order, as made, is in other respects altogether too broad in its scope and sweeping in its requirements. It allows the relator, his attorney, accountant, and assistants, without limitation in number, to examine the books, and permits the examination to range over a period of three months, when there is nothing in the papers before the court to show that more than one accountant is required, or that any such time as three months will be necessary to make the examination. The order should be modified by allowing the examination and inspection to be made by the plaintiff and one accountant, and the period during which such examination may be made should be limited to four weeks, with a provision that, if a longer time is absolutely required, an application for an extension of that time may be made to the court on five days' notice to the attorneys for the defendants.

The order, as modified, should be affirmed, without costs to either party. All concur.