**KEHAYA v. AXTON et al.**

District Court, S. D. New York.
Jan. 5, 1940.

William Harman Black, of New York City, for plaintiff.

Woodward, Dawson & Hobson, of Louisville, Ky., and Hodges, Reavis, Pantaleoni & Downey, of New York City (C. Frank Reavis and Martin D. Jacobs, both of New York City, of counsel), for defendants E. D. and R. L. Axton, individually and as executors.

CONGER, District Judge.

The individual defendants have appeared specially herein, and are now moving to vacate a warrant of attachment, heretofore granted in this action, and all proceedings had hereunder.

The warrrant of attachment was issued in the New York State Supreme Court against the property of the individual defendants, and pursuant thereto there was levied upon and seized a check of the individual defendants found within the jurisdiction of the New York State Court. Subsequently the action was removed to, and is now pending in the Federal Court.

This motion to vacate is made pursuant to Section 948 of the Civil Practice Act, on the ground that the papers on which the said warrant of attachment was predicated were faulty and defective, because (a) the complaint on which it was based failed to state facts sufficient to constitute a cause of action, and (b) in any event, if the complaint was otherwise sufficient, the papers in support of the warrant of attachment do not contain any evidentiary matter sufficient to show any liability on the part of the individual defendants.

█ Therefore the first proposition to be considered has to do with the sufficiency of the complaint. This brings up the question of the nature of the cause of action. The individual defendants contend that neither this Court nor the Courts of the State of New York have any jurisdiction, because this action involves the internal affairs of a foreign corporation.

True the corporation which was named as a party defendant is a Kentucky corporation, with its principal place of business in that state, and the individual defendants are residents of the State of Kentucky, yet I do not regard this action as one interfering with the internal affairs of a foreign corporation. The action is based on Sections 60 and 61 of the General Corporation Law of the State of New York, Consol. Laws. c. 23, which generally provides for "action against officers of corporation for misconduct". The plaintiff was at the time of the commencement of this action a resident of the State, County, and City of New York. He was, and has been since January 1936, down to the time of commencing this action, one of the board of directors of defendant corporation. The action is based on misconduct, to wit: negligence and imprudence of the individual defendants as directors of the corporate defendants.

Service of papers has been obtained against the individual defendants by issuance of the warrant of attachment, and proceedings thereunder pursuant to the Civil Practice Act of the State of New York, and if these preliminary steps were proper, jurisdiction has been obtained.

The corporation is only a nominal party. This is not an action against a foreign corporation. There is not sought here a mandate of the court against the directors which would compel or prohibit some corporate act and thereby meddle with the internal affairs of this corporation. It is an action between individuals; between a director of a corporation against former directors, for money damages, which, if recovered, will enure to the benefit of the corporation. I am satisfied that the case of Miller v. Quincy, 179 N.Y. 294, 72 N.E. 116 is precedent for my holding herein. There the court said (179 N.Y. at page 297, 72 N.E. at page 117) in a similar case involving the construction of a similar statute: "* * * the sole question is whether the plaintiff is entitled to sue the defendants in the courts of this state to compel them to restore to the corporate treasury the funds that they have received and retained or wasted, contrary to the duties of their trust * * *." And in support of its decision that such an action would lie, 179 N.Y. at page 301, 72 N.E. at page 118, the court quoted an opinion of Judge Cullen's in the case of Ernst v. Rutherford & B. S. Gas Co., 38 App.Div. 388, 56 N.Y.S. 403, as follows: "If the illegal acts of the directors or of the corporation offended solely against the majesty of the state to which it owed its life—in other words, constituted only public wrongs— the proposition is probably correct; for we are not compelled to, nor should we, entertain actions simply to redress the outraged dignity of foreign governments. But if such illegal acts also cause injury to the property rights of individual stockholders

who are citizens of this state, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants." And again the Court stated (Miller v. Quincy, supra): "In the case at bar the action is for the same purpose; that is, for an accounting and restoration. The plaintiff has summoned the defendants to appear in the courts of this state to answer for their misconduct in misappropriating or wasting the money of a corporation of which he is a director or trustee. The courts of this state have, I think, the power to require the defendants, at the suit of the plaintiff, to make good to the corporation the money taken from its treasury, and by them misappropriated or wasted."

I am satisfied that the complaint states a good cause of action, and I find against the individual defendants herein as to the other objections they raise as to the sufficiency of the allegations of the complaint.

■ The next proposition to be considered is the sufficiency of the affidavits on which the warrant of attachment was granted. The ground of the complaint of the defendants is that the affidavits do not contain any evidentiary matter, sufficient to show any liability on the part of the defendants. I have heretofore upheld the sufficiency of the complaint, but the complaint is based largely on "information and belief". It is therefore incumbent on the plaintiff, by his affidavit, to show evidentiary facts to support the cause of action alleged in the complaint. Has the plaintiff fairly met this proposition in his affidavit? I think that he has. The plaintiff, as a director of this corporation, is making the affidavits on his own personal knowledge. The affidavit is sufficient in evidentiary matters to show a prima facie case, even though the complaint is on "information and belief". An affidavit in support of a warrant of attachment, if upon knowledge, need contain only evidence enough to support and explain the allegations. If the facts are of his own knowledge he need not reveal their source.

■ It is not necessary for me to go into detail as to facts alleged in the affidavit, suffice to say that the plaintiff is and has been for several years Chairman of the Board of Directors of the corporation; that he had a long career in the tobacco business, and has first hand knowledge of different grades of tobacco, and the grade required by the Axton-Fisher Tobacco Company. Upon his own knowledge and own experience he has asserted and alleged that the acts of these defendants, in making certain purchases of tobacco, were negligent and imprudent. A careful reading of the complaint and affidavit convinces me that the affidavit is sufficient, and I so hold.

■ The individual defendants raise a further question that the plaintiff acquiesced in and ratified the transactions complained of, and that he is thereby barred from suing. It seems to me that this is a matter for the trial court, and not for decision on a motion of this nature.

After the defendants' motion, involving the above question, was argued and submitted to the Court, the defendants by order to show cause asked leave to amend the former order to show cause, by setting forth an additional ground for vacating the warrant of attachment, to wit: that the statutory requirements with respect to the warrant of attachment had not been followed, in that personal service outside of the State of New York had not been made complete as required by Sections 905 and 235 of the New York Civil Practice Act.

■ I am granting this application to the extent that I will consider it along with the other objections to the warrant of attachment. In this last and final objection to the warrant of attachment, the defendants' contention is that the statute required that service on the individual defendants was not completed until on or about June 3, 1939, which was more than thirty days after the granting of the warrant (the said thirty days expired on June 2, 1939). The warrant of attachment was granted on May 3, 1939, and within thirty days therefrom, on May 22, 1939, the individual defendants were personally served in the State of Kentucky with the summons and complaint. The proof of service was filed either on May 24, 1939, or May 25, 1939. The controversy over these dates, in my opinion, being entirely immaterial.

The objections of the defendants call for a construction of Sections 905 and 235 of the Civil Practice Act of the State of New York. Defendants' contention is that the proof of service was not filed until May 24, 1939, and that thereby the service was not complete until ten days thereafter, or June 3, 1939, and that this being more than

thirty days after the granting of the warrant of attachment, this fails to complete in time the service outside the state. I cannot hold with the defendants on this point.

■ Section 905 of the New York Civil Practice Act reads as follows: "If the warrant be granted before the summons is served, personal service of the summons must be made upon the defendant against whose property the warrant is granted, within thirty days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, as prescribed by law; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof."

I hold that the plaintiff has complied with this Section; that the summons was served out of the state within thirty days and that that is good service. If defendants' theory is right, the plaintiff should have made service out of the state, and filed proof of such service all within twenty days. Under Section 905, plaintiff is allowed thirty days after the granting of the warrant in which to make personal service without the state. I can find in neither of these sections of the Civil Practice Act (905 or 235) anything that would lead to the conclusion that service must be made without the state, and proof thereof filed in twenty days in order to have service complete within the thirty days under Section 905. It seems to me that if defendants' contention is correct, it makes ineffective the provisions contained in Section 905.

Section 235 of the Civil Practice Act does not require proof of service to be filed within ten days. It does require "proof of service without the state without an order shall be filed within thirty days after such service. Service without the state without an order is complete ten days after proof thereof is filed".

The papers were filed on time. I have come to the conclusion that actual service had to be made within thirty days after the granting of the warrant of attachment, but not that it had to be complete within a thirty day period, as urged by defendants herein.

The motion of the defendants to vacate the warrant of attachment, and all proceedings thereunder, is denied. Submit order on notice.