JENNIE B. HIRSHHORN, Individually and as a Stockholder of Beacon Investments, Limited, on Behalf of Herself and All Other Stockholders Similarly Situated, and on Behalf of said Corporation, Respondent, v. JOSEPH H. HIRSHHORN et al., Appellants, et al., Defendants.— In an action brought by plaintiff individually and as a shareholder of Beacon Investments, Limited,

a Canadian corporation, defendants Hirshhorn, Beacon Investments, Limited, and J. R. Timmons & Co. appeal from two orders denying their motions for summary judgment. Orders affirmed, with one bill of $10 costs and disbursements. On the record presented the motions were properly denied, whether the question of plaintiff's right to maintain the action, insofar as she seeks relief as a stockholder of the defendant Beacon Investments, Limited, is to be decided pursuant to Canadian law or the law of this State. On trial it may be decided that the question must be determined under Canadian law, but that the law of Canada does not deny plaintiff the right to sue, as a stockholder, in this State, or that the law of the State of New York is controlling. On the other hand, the trial court may decide that the question must be determined under Canadian law and that Canadian law does not permit a stockholder's action by one who is not a stockholder of record. Until the question shall be determined, however, it is not before us for review. Nolan, P. J., Carswell and Adel, JJ., concur; Johnston, J., concurs for affirmance, with the following memorandum: The motions for summary judgment were made on the ground that plaintiff may not maintain a stockholders' derivative action in this State on behalf of Beacon Investments, Limited, a Canadian corporation, because she is not a stockholder of record of that corporation and under Canadian law only a stockholder of record may prosecute such an action. Special Term denied the motion on the theory that whether plaintiff is or is not entitled to maintain this action depends upon whether she would be entitled to maintain a similar action under the laws of Canada and what is the law of Canada is a question of fact, citing *Read* v. *Lehigh Valley R. R. Co.* (284 N. Y. 435) and *Werfel* v. *Zivnostenska Banka* (287 N. Y. 91). I agree that the determination of Special Term is correct if Canadian law applies because no Canadian case is cited which holds, nor is any statute quoted which provides, that under Canadian law only a stockholder of record may maintain a stockholder's derivative action. The majority prefers to affirm the orders denying summary judgment without at this time deciding whether the right of plaintiff to maintain this action must be determined under Canadian law or New York law. In my opinion, that question should be presently decided and the orders denying the motions for summary judgment affirmed on the ground that the question indicated should be determined under New York law and that under New York law plaintiff, who admittedly is the legal or equitable owner of the stock, may maintain this action. (*Miller* v. *Miller*, 256 App. Div. 846, affd. 280 N. Y. 716; *Law* v. *Smith & Sons Carpet Co.*, 271 App. Div. 705.) The acts complained of were performed in this State by defendant Joseph Hirshhorn, an officer and director of the foreign corporation. On a prior appeal it was held that the foreign corporation involved is doing business in this State (276 App. Div. 772). The New York statute governing stockholders' derivative actions (General Corporation Law, §§ 60, 61), is, therefore, applicable. (*Miller* v. *Quincy*, 179 N. Y. 294.) The right of action and the liability being governed by New York statute, the question of the person entitled to maintain that action must be determined by New York law. (*Miller* v. *Quincy, supra,* pp. 298–299; *German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57.) Wenzel, J.; concurs with Johnston, J.