The **SYLVIA MARTIN FOUNDATION,
INC.,** Plaintiff,

v.

**John E. SWEARINGEN et al.,**
Defendants.

**No. 66 Civ. 466.**

United States District Court
S. D. New York.

Oct. 31, 1966.

Murray S. Bornstein and Andrew E. Kuchinsky, New York City, for plaintiff.

Townley, Updike, Carter & Rodgers, by James W. Rodgers, John J. Macchia, and Richard J. Barnes, New York City, for defendants Standard Oil Co., an Indiana corporation, and American Oil Co.

## OPINION

RYAN, District Judge.

To correct clerical oversight of the Court and with the consent of counsel for all parties, the following opinion and order is filed in lieu of and in place of our decision and order of October 14, 1966:

The complaint alleges that plaintiff, a stockholder of "Standard" sues derivatively on behalf of "Standard", representatively on behalf of its stockholders, and derivatively on behalf of its two wholly owned subsidiaries, "American" and "Holdings".

There is no allegation of plaintiff's residence. It is alleged that "Standard" is an Indiana corporation with its principal place of business in Illinois, authorized and doing business in New York,[1] and actively concerned with the operations of its two subsidiaries. It is plead-ed that "American" is a Maryland corporation with its principal place of business in New York, and that by "virtue of a transfer agreement" it controls the "operating assets which were previously controlled by 'Standard'." Defendant "Holdings" is alleged to have been incorporated in Luxembourg for the purpose of raising funds there for its own uses and to assist "Standard's" subsidiaries. Its principal place of business is not shown. The 19 individual defendants are the directors and officers of "Standard"; their citizenship or place of residence is not pleaded.

The complaint then charges that the individual defendants breached their trust duties to "Standard" not to waste corporate assets in that they authorized "Holdings" to float a bond issue outside of the United States, payment of which was guaranteed by "Standard"; that American citizens and residents will not be able to participate in this and future bond issues; and that this has and will cause "Standard" and/or "Holdings" to pay exorbitant rates of interest for the funds so obtained, which it would not have had to pay had the bonds been offered for sale in the United States where the interest rates are lower. It is also alleged that the failure of the individual defendants to offer the bonds for sale in the United States constituted a breach of their fiduciary obligation and a diversion and waste of the property and assets of "Standard" and its subsidiaries, causing damages amounting to millions of dollars.

Demand to sue, if made upon the directors of the three corporations, it is alleged would be futile because of their participation in these wrongs; demand upon the stockholders, it is alleged, would be unduly burdensome and expensive.

Plaintiff alleges that it has no adequate remedy at law and prays for judgment restraining the three corporations

---

This allegation is contrary to what appears to be the undisputed fact: "Standard" is not licensed nor is it in fact doing business in New York. We consider this matter more fully later in this opinion. Apparently, this allegation is premised upon plaintiff's theory that "Standard" is here through its "alter ego" "American".

and their officers, directors and agents and the individual defendants from proceeding with the sale of these and similar bond issues, requiring all the defendants to account to "Standard" and its subsidiaries and awarding plaintiff costs and counsel fees.

The only defendant which has been served with process is "American". Other than the named officers and directors of "Standard", the officers and directors of "American" and "Holdings" against whom an accounting as well as an injunction is sought are not named.

This action comes to this Court on an order of removal from the New York State Supreme Court, where the suit was originally. The complaint therefore does not contain jurisdictional allegations of diversity. It does appear however that diversity is present.

However, defendants "Standard" and "American" have moved to dismiss the complaint for additional reasons.

"Standard" has moved to dismiss for failure to state a claim as a matter of law and alternatively, if a claim were stated, for summary judgment in its favor for failure to join the indispensable parties "Amoco Holdings" and the individual defendants not within the jurisdiction of the Court; and for failure to obtain jurisdiction over its person in that the service attempted to be made on it is invalid.

"American" has moved to dismiss for failure to state a claim as to it and for failure to join the indispensable parties —"Standard", "Holdings" and individual defendants not within the jurisdiction of the Court.

"Standard" has submitted a Rule 9–G statement in support of its motion for summary judgment; none has been submitted by plaintiff. In fact, plaintiff's affidavits do not contradict any of the factual statements recited by defendants in their affidavits. Therefore, although no answers have yet been served, it would appear that there are no disputed questions of fact.

We consider first "American's" (the only defendant served) motion to dismiss for failure to state a claim against it.

It is conceded that no separate claim is pleaded on behalf of or against "American". Plaintiff describes its action as a "double derivative action in which a stockholder of a parent corporation ('Standard') brings suit to redress a wrong being done to or by a wholly owned subsidiary corporation ('Holdings') controlled by the parent". "American" comes into the picture and has been served because it is a wholly owned subsidiary of "Standard" and this, according to plaintiff makes it "Standard's" "alter ego". Aside from this link of parent and subsidiary, there is no charge that "American" participated in the alleged wrongful acts attributed to its parent, or that it benefited from them or was injured as a result. The accounting and injunction sought on its behalf against its officers and directors is totally unrelated to any charges, and is without factual support or logical basis.

The relationship between "Standard" and "American" by itself provides no basis for keeping "American" in the suit. Plaintiff concedes that a wholly owned subsidiary is not an indispensable party to a suit against its parent; in fact, it is not even a necessary party. In the absence of any claim on behalf or against "American", the complaint on its face as to it is legally unsupportable and must be dismissed.

The other ground urged for dismissal —failure to join indispensable parties— is interwoven in part with the service attempted to be made on "Standard" by service on "American" and is considered together with "Standard's" motion to dismiss for lack of jurisdiction over its person.

It appears plaintiff's counsel advised "American's" claims attorney that he had neither served nor had he intended to serve the complaint on any individual or corporate defendant other than "American". The same day "American's" claims attorney wrote to plaintiff's counsel confirming their conversation and the fact

that service had been made only on "American". Plaintiff's counsel did not take issue with this letter orally or in writing at that time, nor does he do so now.

■ Although "American" is admittedly a wholly owned subsidiary of "Standard", it is a separate entity. The affidavits of "Standard's" and "American's" officers to this effect are not factually disputed by plaintiff. "American" carries on its own business, in its own name and for its own purposes of refining and marketing its own petroleum products in 49 states. It has its own property, assets exceeding one billion dollars, bank accounts and books of record; it has its own officers and directors (only one director in common with "Standard") and a completely independent staff and separate financial arrangements. It is not a sales agent nor a purchasing agent for "Standard" and has no business transactions with it; it is not its agent for the purpose of service of process.

"Standard" is the holding company of "American"; it is not authorized to conduct business in New York and has no office, officers, employees or directors resident here. Other than the profits it receives as a stockholder of "American", it has no business interests with "American". It is not doing business in New York.

■ Because of the relationship between parent and subsidiary, and because of the guidance and supervision which "Standard" as sole stockholder exercises over "American", plaintiff concludes as a matter of law that they form not two separate entities but a single integrated enterprise. This is not the law (Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634); whether two corporations are but one is a question of fact dependent upon the actual relationship between the two and not upon legal technicalities, Echeverry v. Kellogg, 175 F.2d 900 (2nd Cir., 1949).

The rule is the same in New York which is the controlling law for determining whether a foreign corporation is amenable to suit in the federal court where jurisdiction is predicated on diversity (Arrowsmith v. United Press International, 2 Cir., 320 F.2d 219; Cook v. Bostitch, Inc., 328 F.2d 1 (2nd Cir., 1964)).

■ ■ Service on "American" was not service on the independent corporate entity "Standard" and since it does not appear that "Standard" is otherwise subject to process here, the complaint is dismissed as to it.

■ ■ Although not essential because we have dismissed the complaint as to "American" on the first ground urged, our dismissal as to "Standard" would also require a dismissal of the complaint as to "American" on the second ground: failure to join "Standard"—an indispensable party.

■ The single charge of wrongdoing is against "Standard", its officers and directors, and presumably "Holdings" in that they offered "Holdings" bonds at an excessively high rate of interest, resulting in indirect damage to "Standard" as its parent and sole stockholder and guarantor of the bonds. Clearly as a suit brought on behalf of "Standard" and against "Standard", "Standard" is an indispensable party—for it is the true plaintiff to whom recovery would indirectly inure. So too are its directors and officers, since essentially although "Standard" is the nominal defendant, they are the alleged wrongdoers who caused the alleged unlawful acts on the part of "Standard". The relief sought is an accounting on behalf of "Standard" by these individual defendants, and an injunction restraining them. No such relief could be decreed without in personam jurisdiction over them. Since "Holdings" is the directly affected party on whose behalf "Standard" as a stockholder is suing (as plaintiff stockholder, but a nominal plaintiff, is suing on behalf of "Standard"), it too is the

real plaintiff and indispensable. On its behalf too, an accounting from some unidentified and unnamed persons is sought as well as an injunction against it and these named persons, and they are indispensable to the granting of such relief.

What remains is a complaint where not a single party, let alone all indispensable parties, has been served and no evidence that they can be. No attempt has been made to serve "Holdings"—probably because it cannot be served within the jurisdiction of this Court; the same is true as to its officers and directors, as well as to the individual defendants—officers and directors of "Standard" who are not subject to process in this State.

Quite aside from the merits of the complaint, we determine that it must be dismissed as to all defendants: as to "American" for failure to state a claim against it; as to "Standard" for failure to bring it within the jurisdiction of this Court; and as to all the defendants for failure to join indispensable parties.

Because of our dismissal of the complaint as against "Standard" for failure to obtain personal jurisdiction over it, we do not reach its motion to dismiss for failure to state a claim and for summary judgment on the merits (Arrowsmith v. United Press International, supra). But had our decision on service been otherwise, the ultimate result would not have differed since, as a matter of law, the complaint does not plead a claim over which the Court would presume to act involving as it does an attack on a matter of business judgment and policy of defendant's directors in the management of corporate affairs for which, absent an allegation of fraud, personal profit or gain, the undisputed facts show complete justification. (Holmes v. St. Joseph Lead Co., 84 Misc. 278, 147 N.Y.S. 104, aff'd 163 A.D. 885, 147 N.Y.S. 1117; Rous v. Carlisle, 261 A.D. 432, 26 N.Y.S.2d 197, aff'd 290 N.Y. 869, 50 N.E.2d 250.)

The Clerk is directed to forthwith enter judgment dismissing the complaint against all defendants with costs for failure to join indispensable parties, and also as to "Standard" with costs for failure of in personam jurisdiction, and also as to "American" with costs for failure to state a claim for relief against it. So ordered.