**In the Matter of the Application of Janet L. BLAKEMAN as Executor of the Estate of Louis F. Lauck, Deceased, to Compel Delivery of Property of said Estate in the Possession of William J. Conroy,**

**Janet L. BLAKEMAN, as a Director and Officer of Litchfield Fabrics, Inc. and June L. Elzay, as a Director and Officer of Litchfield Fabrics, Inc., Plaintiffs,**

**v.**

**William J. CONROY and Litchfield Fabrics, Inc., Defendants.**

**Civ. Nos. 81–0791, 81–0796 and 81–0778.**

United States District Court,
E. D. New York.

April 21, 1981.

Greenfield, Eisenberg, Stein & Senior, New York City (Norman A. Senior, New York City, of counsel), for defendant William J. Conroy.

Durben & Haskel, Garden City (Jules J. Haskel, Garden City, N. Y., of counsel), for Edwin Gruner.

Patterson, Belknap, Webb & Tyler, New York City (Thomas C. Morrison, New York City, of counsel), for Janet L. Blakeman.

Satterlee & Stephens, New York City (Paul J. Powers, New York City, of counsel), for June L. Elzay.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Janet Blakeman moves to remand these three actions, Civ. 81–0791 and Civ. 81–0796 to the New York Surrogate's Court, Nassau County, and Civ. 81–0778 to the New York Supreme Court, Nassau County.

This court's Memorandum and Order of April 9, 1981 in Civ. 81–0791 discusses the history of the dispute. Familiarity with what was said there is assumed.

## I

Janet Blakeman, as executrix of the estate of her father Louis F. Lauck, brought the action having number Civ. 81–0791 on February 18, 1981, by filing a Petition to Compel Delivery of Property in the Nassau County Surrogate's Court pursuant to the New York Surrogate's Court Procedure Act § 2103. The petition asked that William J. Conroy be directed to cease exercising authority over the affairs of Litchfield Fabrics, Inc. ("Litchfield"), to deliver all its records to Blakeman, and to cease attempts to deprive the estate of ownership of its Litchfield stock. The original petition did not name Litchfield as a person interested in the proceeding, but an amendment dated February 24, 1981 did. Conroy removed this proceeding on March 27, 1981 under 28 U.S.C. § 1441 on the basis of diversity of citizenship.

Blakeman brought the action having number Civ. 81–0796 by filing a supplementary petition dated February 24, 1981 in the Surrogate's Court. This petition alleged that Edwin Gruner had asserted a pre-emptive right to buy the estate's Litchfield stock at book value, that Gruner, who cannot afford to make the purchase, was conspiring with Conroy to deprive the estate of the stock, and that Gruner has no pre-emptive rights. The supplementary petition asks for a declaration that Gruner has no right to buy the stock and an injunction against him from conspiring with Conroy to deprive the estate of the stock. Gruner removed the proceeding to this court on March 17, 1981 on the basis of diversity of citizenship.

Blakeman presents two arguments for remanding these two cases. She claims that there is no diversity of citizenship and that in any event the court should decline jurisdiction so as to avoid interfering in the administration of the estate.

While Blakeman is a resident of New York and Conroy of Connecticut, Blakeman contends that there is no diversity jurisdiction because Litchfield, a Connecticut corporation, will benefit from her suit, is thus an indispensable party, and should be aligned with her.

This court's jurisdiction depends on diversity between all plaintiffs on the one hand and all defendants on the other. However, the presence of a non-diverse plaintiff may be ignored if it is not a "real party in interest." *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 189–90, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924). A plaintiff is a "real party in interest" only if under the governing substantive law it is entitled to enforce the right asserted. *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400 (8th Cir. 1977).

New York law determines who may assert the rights claimed by Blakeman, as against Conroy the right to compel him to deliver Litchfield's records and to stop exercising control over it, and as against Gruner the right not to sell the stock to him. Un-

der SCPA § 2103 only the fiduciary of the estate may assert this right to obtain or protect estate assets. Litchfield is not the fiduciary, has no rights under that section, and thus is not a "real party in interest."

The fact that the true beneficiary of orders against Conroy and Gruner may be Litchfield does not make it a "real party in interest." *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 791 (N.D.Ill. 1969), *aff'd*, 465 F.2d 343 (7th Cir. 1972). No doubt the Surrogate's Court and this court may take such action as is appropriate to protect an estate asset, and perhaps the relief which Blakeman asks will in fact benefit Litchfield. But under New York law only Blakeman may bring the action.

In any event, this controversy is primarily between two contenders for control of a corporation that each side claims the other has injured. The fight is over the corporate entity, and even if the court were called on to determine the citizenship of Litchfield, the court could not decide on whose side the corporation should be aligned until that contest is resolved.

What has been said disposes of the contention that the proceeding involving Gruner's claim should be remanded. Plainly Litchfield has no immediate interest in the outcome of that proceeding.

▮ The court does not deem these appropriate cases in which to decline jurisdiction because of a risk of interfering with state probate proceedings. It is true that a federal court has no jurisdiction to probate a will, administer an estate, or seize and control the property in the possession of the probate court. *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 44, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909). Equity jurisdiction conferred by the Judiciary Act of 1789, which is identical to the jurisdiction possessed by the English Court of Chancery in 1789, did not extend to probate matters. *Markham v. Allen, supra*. However, a federal court has jurisdiction "to entertain suits in favor of creditors, legatees, and heirs and other claimants against a decedent's estate to es-

tablish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the state court." *Id.* Thus, a federal court may declare that a plaintiff is or is not entitled to receive an interest in the estate but may not order the executor to pay over that interest or distribute specific property. *See id.* at 494–95, 66 S.Ct. at 298–299; *Waterman v. Canal-Louisiana Bank & Trust Co., supra*, 215 U.S. at 44–45, 30 S.Ct. at 12–13; *Beach v. Rome Trust Co.*, 269 F.2d 367, 371–72 (2d Cir. 1959).

By assuming jurisdiction over the actions, this court does not interfere with probate proceedings. The actions seek merely to assist in collecting and preserving an estate asset. This court is not asked to make a distribution, and its preliminary injunction against Conroy did not affect the probate court's jurisdiction over the administration of the estate. This court's orders were designed to keep the assets of the estate intact pending their eventual distribution by the probate court. A declaration as to Gruner's rights, if any, in the stock plainly would not interfere with the probate proceedings.

## II

Blakeman and June Elzay, as directors and officers of Litchfield, brought the action now numbered Civ. 81–0778 in the Supreme Court of the State of New York, Nassau County, on March 4, 1981. The complaint names Conroy and Litchfield as defendants, and seeks to compel Conroy to account for the alleged loss to Litchfield resulting from his purported malfeasance and waste of corporate assets, to enjoin him from exercising authority over the affairs of Litchfield, to require him to deliver the corporate records to the Board of Directors, and to direct him to cease using Litchfield assets in furtherance of a conspiracy to deprive the estate of the stock. Conroy, "on behalf of himself and the nominal corporate defendant," removed the action to this court on March 16, 1981 on the basis of diversity of citizenship.

The complaint alleges that the action is brought under the New York Business Corporation Law § 720. Under that section a corporation, an officer, or a director may bring an action against a director or officer of a corporation to compel him to account for failing to perform his management duties properly. BCL § 720(a)(1) and (b).

Plaintiffs contend that Litchfield is a plaintiff in terms of its real interests and should be considered a plaintiff for purposes of determining diversity jurisdiction. Elzay, like Blakeman, is a New York resident.

 If this were a stockholder's derivative suit, the corporation would be an indispensable party, and the appropriate alignment of the parties would determine the question of diversity jurisdiction. *See Sylvia Martin Foundation, Inc. v. Swearingen,* 260 F.Supp. 231 (S.D.N.Y.1966). Since the corporation is deemed to act through its managers, it would be aligned with the defendant if the pleadings showed that the management was antagonistic to the plaintiff stockholder. *Smith v. Sperling,* 354 U.S. 91, 96–97, 77 S.Ct. 1112, 1115–16, 1 L.Ed.2d 1205 (1957).

 An action under BCL § 720 is not a stockholder's derivative suit. Blakeman and Elzay, as directors and officers of Litchfield, have an original right of action and may sue in their own names. *Conant v. Schnall,* 33 A.D.2d 326, 307 N.Y.S.2d 902, 904 (3rd Dept. 1970). While they sue in their fiduciary capacity, and any recovery belongs to the corporation, *Tenney v. Rosenthal,* 6 N.Y.2d 204, 189 N.Y.S.2d 158, 160 N.E.2d 463 (1959), the corporation is neither a necessary nor an indispensable party, and its residence need not be considered in determining diversity jurisdiction. *Kehaya v. Axton,* 30 F.Supp. 838, 839 (S.D.N.Y.1940).

The wisdom of this distinction is borne out by the facts of this case. In a stockholder's derivative suit the court can align the corporation on the face of the pleadings. If management, which is deemed to represent the corporation, rejects the stockholder's demand, the court will consider the corporation a defendant. But in an accounting action in which some directors or officers of the corporation allege wrongdoing by other directors or officers, the appropriate alignment of the corporation is not so clear. The management itself may be split. To place the corporation in this case on the side on which its ultimate interests lie would require a trial of the charges of wrongdoing.

This is exactly what the Supreme Court frowned upon in *Smith v. Sperling, supra,* saying that a trial of the merits to determine the preliminary issue of jurisdiction is "a time-consuming, wasteful exertion of energy." *Id.* at 95, 77 S.Ct. at 1114–15. By treating the corporation as a nominal party in an accounting action, the court may decide the issue of jurisdiction according to the residences of the individual parties. On this criterion there is diversity of citizenship in this case.

Petitioner's argument that this court should decline jurisdiction because the action concerns a probate matter is without merit. Blakeman and Elzay brought suit as directors and officers of Litchfield, not as fiduciaries of the Lauck estate. In the event they prevail on the merits, the right of recovery belongs to the corporation, not the estate. The Surrogate Court's consent to consolidation of this action with the other proceedings shows only that the Surrogate's Court has concurrent jurisdiction over this type of action and that judicial efficiency suggests that the cases be considered together. The claims are not peculiarly within the probate jurisdiction, and by taking jurisdiction a federal court will not interfere with the probate proceedings or assume control over property under the control of the probate court.

Petitioner's motion to remand these three cases is denied. So ordered.