ERNST et al. v. RUTHERFORD & BOILING SPRINGS GAS CO. et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. FOREIGN CORPORATIONS—ACCOUNTING—COURTS—JURISDICTION.

A complaint by one of the minority against the majority stockholders alleged that defendants elected themselves directors, increased the capital stock, and issued the increase to themselves, without authority, and without consideration, and prayed that they be directed to return such stock for cancellation, or account for it to the corporation. *Held*, that the action was for an accounting and a restoration, and hence the supreme court of New York had jurisdiction over the subject-matter, where it obtained jurisdiction of the persons of defendants, though the corporation was a foreign one.

**2. SAME—CONFLICT OF LAWS—STATUTES.**

The statutes of New York regulating the increase of stock, the contracting of debt, the issuing of bonds, and the execution of mortgages by corporations cannot be the basis of relief to a resident stockholder of a foreign corporation who sues the corporate officers for an accounting and restoration.

Appeal from special term.

Action by Morris L. Ernst and another against the Rutherford & Boiling Springs Gas Company, otherwise called the New York, Rutherford & Suburban Gas Company, and others. From an interlocutory judgment sustaining demurrers to the complaint, plaintiffs appeal. Reversed as to the gas company.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David Gerber (A. J. Dittenhoefer, on the brief), for appellants.

Herbert Barry (Julien T. Davies, on the brief), for respondent Knickerbocker Trust Co.

Clarence J. Shearn, for respondent Rutherford & Boiling Springs Gas Co.

CULLEN, J.   The complaint states that the plaintiffs are the owners and holders of stock of the defendant the gas company, which company is a corporation organized under the laws of the state of New Jersey; that, subsequent to the plaintiffs becoming stockholders, Fennessey, one of the individual defendants, became the owner, through himself and his associates, of more than one-half of the stock of the corporation, and caused himself and his friends to be elected directors thereof; that said Fennessey called a meeting of the board of directors for the purpose of increasing the capital stock of the company from $50,000 to $100,000; that plaintiffs were given no notice of such meeting, and had no knowledge thereof until after the same was held; that the directors passed a resolution to increase the capital stock of the company to $100,000; that thereupon Fennessey issued to himself and his friends all of such increase of stock, without consideration, and without authority of law, and that the company received no value whatever for such issue; that thereafter Fennessey and his associates caused the company to execute a mortgage to the Knickerbocker Trust Company for the sum of $100,000, and threaten to issue bonds secured by that mortgage to said amount; that the real capital stock of the company is $50,000, and that there was no power for it to mortgage its property to a greater amount; that Fennessey and his associates have control of the corporation, and that it would be futile to seek of the corporation action to redress the wrongs complained of.   The plaintiffs demand judgment that it be declared that the capital stock of the company is but $50,000; that the individual defendants be directed to return for cancellation the increased stock so issued to them, or account to the corporation for the same; and that the mortgage to the Knickerbocker Trust Company, and the bonds issued thereunder, be decreed invalid and void.   The defendants the gas company and the trust company severally interposed demurrers—First, on the ground that the complaint does not state facts suffi-

cient to constitute a cause of action; second, that the supreme court of this state had no jurisdiction of the subject-matter; third, that there was a defect of parties defendant, in that all the stockholders of the gas company holding certificates for the increased stock and the holders of the bonds secured by the mortgage were not made parties to the action. The special term sustained these demurrers on the ground that the court had no jurisdiction of the subject-matter.

The learned trial judge, in his opinion, has said: "If this were an action simply to compel an accounting, and the restoration by parties within the jurisdiction of property wrongfully taken or withheld, and to restore it even to a foreign corporation, the power of the court to entertain jurisdiction of the action could not be questioned." This is unquestionably a correct statement of the law, and it is simply necessary to refer to the authorities sustaining this proposition, without discussing it at any length. Nash v. Hall, 11 Misc. Rep. 468, 32 N. Y. Supp. 701; Ives v. Smith (Sup.) 3 N. Y. Supp. 645; Ervin v. Navigation Co., 62 How. Prac. 490; Babcock v. Railway Co. (Sup.) 9 N. Y. Supp. 845; Prouty v. Railroad Co., 1 Hun, 655. It is doubtless true, as stated by Judge Freedman in Atlantic & P. Tel. Co. v. Baltimore & O. R. Co., 46 N. Y. Super. Ct. 377, referring to the language of section 1780 of the Code of Civil Procedure, "the words, 'for any cause of action,' must be deemed to mean any cause of action within such jurisdiction of the court as the state has power to confer, and actually has conferred, upon it." In that case the action was substantially to restrain a trespass on real estate without this state, and it is settled law, even in the case of natural persons, that the courts of this state have no jurisdiction in actions for trespass upon lands situate in other states. Telegraph Co. v. Middleton, 80 N. Y. 408; Cragin v. Lovell, 88 N. Y. 258; Dodge v. Colby, 108 N. Y. 445, 15 N. E. 703. We do not suppose that it was intended by this section of the Code to give our courts any greater jurisdiction in the case of actions against foreign corporations than they have against natural persons. But the basis of an action for an accounting and restoration against offending officials of a corporation is the trust relation which such officials bear to the corporation and to its stockholders. This gives a court of equity jurisdiction of the subject-matter wherever it can obtain jurisdiction of the persons of the defendants, even though the subject-matter might be real estate lying without the state (Chase v. Phosphate Co., 32 App. Div. 400, 53 N. Y. Supp. 220), which is not the fact here. The right of the plaintiffs, as stockholders, to compel a restoration by the officers to the corporation, is co-extensive with the right of the corporation itself. Surely, the corporation would not be confined to the courts of the state which created it, but could pursue its officers in whatever jurisdiction it might find them; otherwise, it would be remediless if those officers remained without the state. The learned judge, however, was of opinion that this action was more than for a restoration and accounting; that it was, in effect, an action to control the internal management of the corporation itself. Of an action of the last character he was of opinion that the corporation could only be called to account in the tribunals of the state which created it. We are not prepared to admit the correctness of the prop-

osition as broadly as stated by the learned justice. If the illegal acts of the directors or of the corporation offended solely against the majesty of the state to which it owed its life,—in other words, constituted only public wrongs,—the proposition is probably correct; for we are not compelled, nor should we, entertain actions simply to redress the outraged dignity of foreign governments. But, if such illegal acts also cause injury to the property rights of individual stockholders who are citizens of this state, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants. A contrary rule would, in our judgment, be unfortunate at this time, when, for some reason, the majority of corporate enterprises in this state (those of a quasi public nature, such as railroads, etc., excepted) are carried on under incorporations effected under the laws of other states. We are of opinion, however, that this action is strictly for restoration and an accounting, and therefore that the court had jurisdiction of the subject-matter.

The complaint is drawn inartificially. The pleader seems to have labored under the idea that the statutes of this state regulating the increase of capital stock, the contracting of debt, the issuing of bonds, and the execution of mortgages control the action of foreign corporations. That such an idea is entirely unfounded, and that the statutory law of this state can neither have extraterritorial effect nor can be presumed without proof to prevail in other states, requires the citation of no authority. The allegations, therefore, that there was no stockholders' meeting, and that the plaintiffs had no notice of the proposed issue of stock, are not sufficient to show that the increase of stock by the gas company was illegal. But it is alleged in the complaint—probably more by good fortune than by intent—that the stock was issued and delivered to the defendant Fennessey and his associates gratuitously, and wholly without consideration. We think that this, in effect, charges an illegal and fraudulent appropriation of the stock. It may be, as the learned counsel for the respondents contend, that the distribution of stock charged in the complaint was in reality simply a stock dividend of 100 per cent., made to all the stockholders. Whatever be the fact, we feel constrained to construe the complaint as charging an illegal appropriation of the stock. For this reason we think there is a good cause of action set forth against the defendant the gas company and the individual defendants. As the statutory restriction of this state on the amount for which corporations may mortgage their property has no application to the defendant the gas company, there is nothing to show that the mortgage set forth in the complaint is in any respect invalid or illegal. Therefore, as to the defendant the trust company, the demurrer was properly sustained.

The interlocutory judgment on the demurrer of the defendant the Knickerbocker Trust Company should be affirmed, with costs, with leave to the plaintiffs to amend their complaint on payment of the costs of the demurrer and of this appeal. The judgment on the demurrer of the defendant the Rutherford Gas Company should be reversed, and judgment given for the plaintiffs on that demurrer, with

costs, with leave to the defendant to withdraw demurrer, and answer, on the payment of the costs of the demurrer and of this appeal. All concur.