MORRIS L. ERNST and CARL ERNST, on Behalf of Themselves and Other Stockholders of THE RUTHERFORD AND BOILING SPRINGS GAS COMPANY, Otherwise Called the NEW YORK, RUTHERFORD AND SUBURBAN GAS COMPANY, Similarly Situated, Appellants, *v.* THE RUTHERFORD AND BOILING SPRINGS GAS COMPANY, Otherwise Called the NEW YORK, RUTHERFORD AND SUBURBAN GAS COMPANY, and THE KNICKERBOCKER TRUST COMPANY, Respondents, Impleaded with Others.

*Foreign corporation — stockholders' action for the restoration of its property — fraudulent appropriation of its stock — the statutes of New York are not applicable to its mortgaging its property or issuing its stock.*

The complaint in an action alleged that the plaintiffs were stockholders in a foreign corporation; that subsequent to their becoming stockholders, Fennessey, one of the individual defendants, became the owner, through himself and his associates, of a majority of the stock of the corporation, and caused himself and his friends to be elected directors; that said directors passed a resolution to increase the capital stock of the company from $50,000 to $100,000, and that Fennessey issued to himself and his friends all such increase of stock without consideration and without authority of law, and that the corporation received no value whatever for such issue; that thereafter Fennessey and his associates caused the company to execute a mortgage to the defendant, the Knickerbocker Trust Company, for the sum of $100,000, and threatened to issue bonds secured

by that mortgage to said amount; that the real capital stock of the company was $50,000, and that it had no power to mortgage its property to a greater amount.   The complaint demanded judgment that the capital stock of the corporation be declared to be $50,000; that the individual defendants be directed to return for cancellation the increased stock so issued to them or account to the corporation for the same, and that the mortgage to the Knickerbocker Trust Company and the bonds issued thereunder be decreed to be invalid and void.

Upon the hearing of demurrers interposed to the complaint it was

*Held,* that the action was strictly for a restoration of property wrongfully taken or withheld from the foreign corporation, and for an accounting, and that the courts of the State of New York had jurisdiction of the subject-matter;

That the allegation that the stock was issued and delivered to the defendant Fennessey and his associates gratuitously, and without consideration, in effect charged an illegal and fraudulent appropriation of the stock, and that the complaint set forth a cause of action against the defendant, the foreign corporation, and the individual defendants;

That as the statutes of the State of New York did not apply to foreign corporations, there was nothing to show that the mortgage set forth in the complaint was in any respect invalid or illegal, and that the demurrer should, therefore, be sustained as to the trust company;

That, for the same reason, allegations of the complaint to the effect that the increase of stock was made in violation of the statutes of the State of New York were not sufficient to show that the increase of stock by the foreign corporation was illegal.

APPEAL by the plaintiffs, Morris L. Ernst and another, from a judgment of the Supreme Court in favor of the defendants, The Rutherford and Boiling Springs Company, otherwise called the New York, Rutherford and Suburban Gas Company, and The Knickerbocker Trust Company, entered in the office of the clerk of the county of New York on the 7th day of October, 1898, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the separate demurrers interposed by said defendants to the plaintiffs' complaint.

This appeal was transferred from the first department to the second department.

*David Gerber* [*A. J. Dittenhoefer* with him on the brief], for the appellants.

*Herbert Barry* [*Julien T. Davies* with him on the brief], for the respondent The Knickerbocker Trust Company.

*Clarence J. Shearn,* for the respondent The Rutherford and Boiling Springs Gas Company.

CULLEN, J. :

The complaint states that the plaintiffs are the owners and hold-
ers of stock of the defendant, the gas company, which company is
a corporation organized under the laws of the State of New Jersey;
that subsequent to the plaintiffs becoming stockholders Fennessey,
one of the individual defendants, became the owner through him-
self and his associates of more than one-half of the stock of the
corporation, and caused himself and his friends to be elected direct-
ors thereof; that said Fennessey called a meeting of the board of
directors for the purpose of increasing the capital stock of the com-
pany from $50,000 to $100,000; that plaintiffs were given no notice
of such meeting, and had no knowledge thereof, until after the same
was held; that the directors passed a resolution to increase the capi-
tal stock of the company to $100,000; that thereupon Fennessey
issued to himself and his friends all of such increase of stock, with-
out consideration and without authority of law, and that the com-
pany received no value whatever for such issue; that thereafter
Fennessey and his associates caused the company to execute a mort-
gage to the Knickerbocker Trust Company for the sum of $100,000,
and threatened to issue bonds, secured by that mortgage, to said
amount; that the real capital stock of the company is $50,000, and
that there was no power for it to mortgage its property to a greater
amount; that Fennessey and his associates have control of the cor-
poration, and that it would be futile to seek of the corporation
action to redress the wrongs complained of. The plaintiffs demand
judgment, that it be declared that the capital stock of the company
is but $50,000; that the individual defendants be directed to return
for cancellation the increased stock so issued to them, or account to
the corporation for the same, and that the mortgage to the Knicker-
bocker Trust Company and the bonds issued thereunder be decreed
invalid and void. The defendants, the gas company and the trust
company, severally interposed demurrers; *first,* on the ground that
the complaint does not state facts sufficient to constitute a cause of
action; *second,* that the Supreme Court of this State had no juris-
diction of the subject-matter; *third,* that there was a defect of par-
ties defendant, in that all the stockholders of the gas company hold-
ing certificates for the increased stock and the holders of the bonds
secured by the mortgage were not made parties to the action. The

Special Term sustained these demurrers on the ground that the court had no jurisdiction of the subject-matter.

The learned trial judge, in his opinion, has said : " If this were an action simply to compel an accounting and the restoration, by parties within the jurisdiction, of property wrongfully taken or withheld, and to restore it even to a foreign corporation, the power of the court to entertain jurisdiction of the action could not be questioned." This is, unquestionably, a correct statement of the law, and it is simply necessary to refer to the authorities sustaining this proposition, without discussing it at any length. (*Nash* v. *Hall*, 11 Misc. Rep. 468; *Ives* v. *Smith*, 19 N. Y. St. Repr. 556; *Ervin* v. *Oregon Railway & N. Co.*, 62 How. Pr. 490; *Babcock* v. *Schuylkill & L. V. R. Co.*, 31 N. Y. St. Repr. 643; *Prouty* v. *Michigan Southern & N. I. R. R. Co.*, 1 Hun, 655.) It is doubtless true, as stated by Judge FREEDMAN, in *Atlantic & Pacific Tel. Co.* v. *Baltimore & Ohio R. R. Co.* (46 N. Y. Super. Ct. 377, 388), referring to the language of section 1780 of the Code of Civil Procedure : " The words, ' for any cause of action,' must be deemed to mean any cause of action within such jurisdiction of the court as the State has power to confer, and actually has conferred, upon it." In that case the action was substantially to restrain a trespass on real estate without this State, and it is settled law even in the case of natural persons that the courts of this State have no jurisdiction in actions for trespass upon lands situate in other States. (*American Union Tel. Co.* v. *Middleton*, 80 N. Y. 408; *Cragin* v. *Lovell*, 88 id. 258; *Dodge* v. *Colby*, 108 id. 445.) We do not suppose that it was intended by this section of the Code to give our courts any greater jurisdiction in the case of actions against foreign corporations than they have against natural persons. But the basis of an action for an accounting and restoration against offending officials of a corporation is the trust relation which such officials bear to the corporation and to its stockholders. This gives a court of equity jurisdiction of the subject-matter wherever it can obtain jurisdiction of the persons of the defendants, even though the subject-matter might be real estate lying without the State (*Chase* v. *Knickerbocker Phosphate Co.*, 32 App. Div. 400), which is not the fact here. The right of the plaintiffs as stockholders to compel a restoration by the officers to the corporation is coextensive with the right of the corporation

itself.   Surely the corporation would not be confined to the courts of the State which created it, but could pursue its officers in whatever jurisdiction it might find them; otherwise it would be remediless if those officers remained without the State.

The learned judge, however, was of opinion that this action was more than for a restoration and accounting; that it was in effect an action to control the internal management of the corporation itself. Concerning an action of the last character he was of opinion that the corporation could only be called to account in the tribunals of the State which created it.   We are not prepared to admit the correctness of the proposition as broadly as stated by the learned justice. If the illegal acts of the directors or of the corporation offended solely against the majesty of the State to which it owed its life, in other words, constituted only public wrongs, the proposition is probably correct; for we are not compelled, nor should we entertain actions simply to redress the outraged dignity of foreign governments.   But if such illegal acts also cause injury to the property rights of individual stockholders who are citizens of this State, we cannot see why they are not entitled to obtain full relief in our courts, so far as such relief can be accomplished by acting directly on the persons of the defendants.   A contrary rule would, in our judgment, be unfortunate at this time, when, for some reason, the majority of corporate enterprises in this State (those of a *quasi* public nature, such as railroads, etc., excepted) are carried on under incorporations effected under the laws of other States.   We are of opinion, however, that this action is strictly for restoration and an accounting, and, therefore, that the court had jurisdiction of the subject-matter.

The complaint is drawn inartificially.   The pleader seems to have labored under the idea that the statutes of this State regulating the increase of capital stock, the contracting of debt and the issuing of bonds and the execution of mortgages, control the action of foreign corporations.   That such an idea is entirely unfounded, and that the statutory law of this State can neither have extra-territorial effect nor can be presumed without proof to prevail in other States, requires the citation of no authority.   The allegations, therefore, that there was no stockholders' meeting, and that the plaintiffs had no notice of the proposed issue of stock, are not sufficient to show that the increase of stock by the gas company was illegal.   But it

is alleged in the complaint, probably more by good fortune than by intent, that the stock was issued and delivered to the defendant Fennessey and his associates gratuitously and wholly without consideration. We think that this in effect charges an illegal and fraudulent appropriation of the stock. It may be, as the learned counsel for the respondents contend, that the distribution of stock charged in the complaint was in reality simply a stock dividend of 100 per cent made to all the stockholders. Whatever be the fact, we feel constrained to construe the complaint as charging an illegal appropriation of the stock. For this reason we think there is a good cause of action set forth against the defendant the gas company and the individual defendants. As the statutory restriction of this State on the amount for which corporations may mortgage their property has no application to the defendant the gas company, there is nothing to show that the mortgage set forth in the complaint is in any respect invalid or illegal. Therefore, as to the defendant the trust company, the demurrer was properly sustained.

The interlocutory judgment on the demurrer of the defendant, the Knickerbocker Trust Company, should be affirmed, with costs, with leave to the plaintiffs to amend their complaint on payment of the costs of the demurrer and of this appeal; the judgment on the demurrer of the defendant, the Rutherford Gas Company, should be reversed and judgment given for the plaintiffs on that demurrer, with costs, with leave to the defendants to withdraw demurrer and answer on the payment of the costs of the demurrer and of this appeal.

All concurred.

Interlocutory judgment on demurrer of defendant, the Knickerbocker Trust Company, affirmed, with costs, with leave to plaintiffs to serve amended complaint within twenty days on payment of the costs of the demurrer and of this appeal; the judgment on the demurrer of the defendant, the Rutherford Gas Company, reversed, and judgment directed for plaintiffs on that demurrer, with costs, with leave to the defendant to withdraw demurrer and serve answer within twenty days on payment of the costs of the demurrer and of this appeal.