## FEDERAL RESERVE BANK OF NEW YORK v. PALM et al.
### No. 56.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Frank Pascarella, of New York City, for appellant.

William E. Schramek, of New York City, for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

It is undisputed that the appellant and others indorsed a note made by the defendant Sylvan Orchards, Inc., payable to the order of First National Bank of Mamaroneck, for the sum of $2,500, of which this plaintiff is now the holder in due course; that a renewal of the note made and indorsed like the original was not paid when due and was protested for nonpayment; that no notice of presentment, demand, and protest was given this defendant unless such a notice sent by the bank to him in care of E. R. Eckley, 40 Mamaroneck avenue, Mamaroneck, N. Y., was sufficient or that a notice sent to and received by Eckley himself was notice to this appellant.

It appears that the bank did not have the appellant's address and apparently made no effort to obtain it. It had previously, in accordance with instructions from Eckley, sent notices of the due dates of the original note and of all renewal notes to Eckley and to the other indorsers in care of Eckley and had received renewal notes in response to such notices. Having found that such notices had served their purpose, the notices of protest were sent the same way.

Though the claim is now made that Eckley was the agent of the appellant to receive the notice of protest, there is nothing in this record to support that except the course of dealing with regard to renewals of the note and the statement in an affidavit that Eckley told the affiant that all communications to him and the indorsers should be sent to his address and in his care. The latter is clearly but the evidence of the declaration of one claiming to be an agent and inadmissible hearsay as to this appellant on the question of Eckley's agency. Bussing v. Lowell Film Productions, Inc., 233 App. Div. 493, 253 N. Y. S. 719; Wakefield Rattan Co. v. Tappan, 80 Hun, 219, 30 N. Y. S. 38; Lillibridge, Inc., v. Johnson Bronze Co., 220 App. Div. 573, 222 N. Y. S. 130.

Moreover, the notice to the appellant was apparently not sent to Eckley to be received by him as the agent of the appellant to receive that notice but to forward the letter itself to the appellant. It is indeed difficult to understand how a letter addressed to the appellant in care of Eckley could be considered notice to Eckley as agent of the contents of the letter. It is true that Eckley had actual notice of the protest sent to him personally, since he himself was an indorser, and if he was the agent of the appellant perhaps that was enough. We pass that undecided for the present. On the showing made, it must be taken as a fact that the appellant himself received no notice of protest and the question of Eckley's authorization by the appellant to receive it for him or to transmit to him presented substantial triable issues which made the entry of summary judgment erroneous. Curry v. Mackenzie, 239 N. Y. 267, 146 N. E. 375; Tidewater Oil Sales Corporation v. Pierce, 213 App. Div. 796, 210 N. Y. S. 759.

Reversed.