## WILLIAMS et al. v. GREEN BAY & W. R. CO.

District Court, S. D. New York.

Aug. 1, 1944.

Unger & Pollack, of New York City (William F. Unger and Ludwig Mandel, both of New York City, of counsel), for plaintiffs.

Cadwalader, Wickersham & Taft, of New York City (Merrill M. Manning and Walter Bruchhausen, both of New York City, of counsel), for defendant.

CAFFEY, District Judge.

The defendant has made two motions. One is to set aside service of the summons and complaint on the ground that the defendant (a Wisconsin corporation) is not doing business in New York. The other is to dismiss the complaint because there is lack of jurisdiction of the subject matter, which concerns the internal affairs of the defendant.

The motions were the last item on the calendar at my recent sitting in the motion part. I was compelled to reserve decision in a considerable number of cases. So much attention was required on those having priority that time now is not available for extensive discussion in the instant case. I must content myself, therefore, with briefly indicating the reasons for my conclusions.

A suit against the defendant similar to this was brought in the Supreme Court, Kings County, New York, the short title of which is Sperling v. McGee, —— Misc. ——, 49 N.Y.S.2d 477. The attorneys for the plaintiffs in Sperling v. McGee do not represent the plaintiffs in the present case (originally brought in the Supreme Court, New York County, and removed to this court).

The identical question raised by the pending first motion was also raised in Sperling v. McGee. The latter was ruled against by Mr. Justice Garvin. A copy of his opinion is annexed as Exhibit A to the affidavit herein of counsel for the plaintiffs verified July 12, 1944.

After study of all the papers bearing on the instant first motion, I concur in the substance of the findings of facts set out in the opinion of Mr. Justice Garvin. I concur also in his conclusion that the defendant "is present in the state;" that is, that in the sense of the applicable court

decisions the defendant is and for some time past continuously has been doing business in New York. Pomeroy v. Hocking Valley Railway Co., 218 N.Y. 530, 533–536, 113 N.E. 504, and Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 266, 115 N.E. 915. Cf. Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 515–518.

The affidavits in this case add a good deal to the facts as summarized by Mr. Justice Garvin; but I do not think they materially alter the pertinent features of the situation as it stood when Sperling v. McGee was before him.

Section 229 of the New York Civil Practice Act prescribes how service in this State of a summons shall be made on a foreign corporation and designates those to whom a copy shall be delivered in order to effect the service. Among the individuals on whom subdivision 1 authorizes such service are an assistant treasurer and an assistant secretary of the corporation. Federal Rules of Civil Procedure, rule 4(d) (3) and (7), 28 U.S.C.A. following section 723c, provides that service on a foreign corporation shall be by delivering a copy of the summons and complaint, among others, to an officer "in the manner prescribed by the law of the state in which the service is made." In this case the service was made in that way in New York on an assistant treasurer, who was as well an assistant secretary, of the defendant.

In my view the service was good. Eddy v. Lafayette, 163 U.S. 456, 464, 16 S.Ct. 1082, 41 L.Ed. 225. Cf. Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72, 74, 76. In consequence I think the first motion should be denied.

We turn now to the question whether there is, or should be exercised, jurisdiction of the subject matter.

The defendant has issued and there are outstanding (1) common stock, (2) class A debentures and (3) class B debentures. The holders of the first and second are entitled to payment of annual installments of 5% of their face prior to any payments to holders of the third.

As the plaintiffs assert, in the complaint (paragraph 6), by the terms of the defendant's articles of incorporation and of the class B debentures, the holders thereof are entitled "to receive in lieu of interest thereon any net earnings of the railroad and property in each year remaining after payment of five per cent upon the said Class A debentures and the said stock." In addition the complaint (paragraph 6) alleges that the articles of incorporation provide that "Such surplus net earnings, if any, to be paid to and distributed among the holders of Class B Debentures pro rata and the said debentures to contain such further provisions as may be agreed upon between the Company and the said purchasers."

In the complaint it is also alleged (paragraph 10) that between 1924 and 1943 the sum of $155,000 was required to be paid to the holders of the capital stock and class A debentures; further that the aggregate of such net earnings, "after deducting reserves for additions, general improvements and depreciation, and after deducting said sum of $155,000 in each of said years," was approximately $1,649,000; and further (paragraph 11) that during the whole of such period the total payment to the holders of the stock and the class B debentures was approximately $840,000, thus leaving $809,000 (accumulated and held in surplus account) to which the plaintiffs allege (paragraph 14) such holders are entitled and for which, in behalf of all the holders, the plaintiffs sue.

In other words, among other things, the plaintiffs seek an interpretation of Wisconsin law, of the articles of incorporation and of the B debentures which, without permitting discretion to be exercised by the directors, would force the defendant to pay to the B holders all surplus earnings for each year since 1924 after annually paying the holders of the common stock and of the A debentures 5% of the face thereof.

It seems to me manifest that the lawsuit is a litigation which inevitably and necessarily involves the internal affairs of the defendant.

Moreover, all the physical properties of the defendant which are operated and from which it derives earnings are located in Wisconsin, the state of its incorporation. It is there its main office and principal place of business are situated. There also its chief records are kept.

If I be right in thinking that the pending action hinges around and must turn on the internal affairs of the defendant, then this court is authorized to decline to retain jurisdiction of it. Rogers v. Guaranty Trust Co., 288 U.S. 123, 130, 131, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, and Cohn v. Mishkoff Costello Co., 256 N.Y. 102,

105, 175 N.E. 529. Cf. Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111, 113.

If I be right as to internal affairs of the defendant being involved in the present suit, then it is within the discretion of this court to dismiss it. I think that it should be dismissed, without prejudice to its being renewed in Wisconsin.

I rest the position stated on two grounds: (1) The defendant should not be put to the burden and expense of carrying on the litigation so far away as New York from its home State of Wisconsin. (2) When avoidable, the full calendars of this court should not be further crowded by adding another suit of substantial proportions (such as this obviously is) when there is open to the plaintiffs another forum, which is not only equally capable, but more accessible to the defendant.

I feel, therefore, that the second motion should be granted.

On the other hand, if my second ruling be erroneous, there will be a compensating advantage in the course I have adopted. This is that prior to going on with what is likely to be an extensive proceeding, at slight expense an authoritative holding can be obtained from an appellate court with respect to whether I am wrong.

On two days' notice settle order accordingly with respect to both motions.