**KOSTER v. (AMERICAN) LUMBERMENS MUT. CASUALTY CO. et al.**

No. 86.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1946.

CLARK, Circuit Judge, dissenting.

Alfred Gurkin, of New York City (Abraham L. Pomerantz and William E. Haudek, both of New York City, of counsel), for appellant.

Townley, Updike & Carter, of New York City (Stuart N. Updike, of New York City, of counsel), for appellee.

Before SWAN, CHASE and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is a derivative action brought in the federal court on the ground of diverse citizenship. The plaintiff, a resident of the Eastern District of New York, is the holder of an automobile liability policy issued by (American) Lumbermens Mutual Casualty Company, a mutual insurance company organized under the laws of Illinois and licensed to do business in New York. For brevity the company will hereafter be called Lumbermens. The other defendants are James S. Kemper, who resides in Illinois and is an officer and director of Lumbermens, and James S. Kemper & Co., an Illinios corporation controlled by Mr. Kemper. In the right of Lumbermens and on behalf of all its policyholders, the plaintiff's complaint charges Kemper and the Kemper company with diversion of Lumbermens' assets and asks that they account to it for profits and damages. There are four causes of action pleaded: the first charges that Kemper dominated Lumbermens and caused it to pay him excessive salary for which he gave no consideration; the second charges that he caused Lumbermens to pay the Kemper company unwarranted commissions and fees; the third and fourth charge that he caused Lumbermens to sell to him and other persons allied with him various securities at less than their value. Lumbermens moved to dismiss the complaint on the ground of (1) forum non conveniens, and (2) absence of an indispensable party, James S. Kemper not having been served. The motion was granted and the complaint was dismissed without prejudice. The plaintiff has appealed.

Since James S. Kemper is the only defendant against whom relief is sought in counts one, three and four, it is obvious that the causes of action alleged in those counts cannot proceed to trial unless Mr. Kemper can be served within the jurisdiction of the court. But it would have been premature to dismiss the complaint for lack of service on him during the two months which intervened between the filing of the complaint and the Lumbermens' motion to dismiss.[1] Moreover Mr. Kemper was not an indispensable party to the cause of action asserted in count two against Kemper & Co. Its liability rests upon participation in the alleged wrongdoing of Kemper as a fiduciary of Lumbermens, and there is no reason why such liability cannot be tried without Kemper's presence as a party. Therefore dismissal could not properly be rested on the absence

---

[1] Rule 1 of the civil rules of the District Court for the Eastern District of New York allows one year from the filing of the complaint to make service. Cf. Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, at page 99, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520.

of an indispensable party; nor was it. The motion was granted because, as stated in the district court's opinion, "the suit relates to the internal affairs of a foreign corporation" and "the convenience of witnesses and efficiency and justice demand that the courts of the state of domicile of Lumbermens and the Kemper corporation are the appropriate tribunals for the determination of this case." Hence the question presented for decision by this appeal is whether the doctrine of forum non conveniens justified dismissal of the action.

The appellant relies upon the rule that where jurisdiction is conferred on a federal court its exercise of jurisdiction is mandatory, and only in exceptional cases of a stereotyped character has the court discretion to decline it. Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9; Williams v. Green Bay & Western R. Co., 66 S.Ct. 284; Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 904, certiorari denied 325 U.S. 874, 65 S.Ct. 1414. Controversies which involve interference with the internal affairs of a foreign corporation fall within one of the well-recognized exceptions. Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 7; Weiss v. Routh, 2 Cir., 149 F.2d 193, 159 A.L.R. 658. But as Mr. Justice Douglas pointed out in the recent Williams case, supra, where only a money judgment is sought, the court will normally entertain jurisdiction, even though internal affairs are in some sense involved. In the case at bar, the insurance company is nominally a defendant but in essence is the plaintiff in an action which seeks an accounting for the waste and diversion of corporate assets by a faithless director and (in count two) by a corporation alleged to have participated in the fiduciary's wrongdoing. Inquiry into the conduct of the directors of the insurance company will be required but no such supervision into its internal affairs as to make the courts of Illinois a more appropriate forum than those of New York. Consequently, assuming for the moment that the plaintiff, as a policyholder in a mutual company, has the same right as would a shareholder in a stock company to bring a derivative action on the corporation's behalf, the district court should not decline jurisdiction on the ground that the action involves the internal affairs of a foreign corporation.[2]

The parties are in dispute as to whether a policyholder has the same standing as a stockholder to bring a derivative action against a faithless fiduciary. The plaintiff asserts that the answer to this question depends upon the law of New York. We think not. Whether a person is a shareholder or other member of a corporation is determined by the law of the state of incorporation. Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 93; A.L.I. Restatement of Conflict of Laws, § 182. And the rights of a policyholder in a mutual company to bring a derivative action are likewise governed by the terms of his contract under the law of the company's domicile. Haynes v. Fraternal Aid Union, D.C.Kan., 34 F.2d 305, 307. The law of Illinois on this point is not wholly clear. People ex rel. Benefit Association of Railway Employees v. Miner, 387 Ill. 393, 56 N.E.2d 353, certiorari denied, 324 U.S. 840, 65 S.Ct. 586, is relied upon by the appellee as indicating that a policyholder cannot bring a derivative action. That case was distinguished, however, in Winger v. Chicago City Bank & Trust Co., 325 Ill.App. 459, 60 N.E.2d 560, 570 which sustained a derivative suit for the recovery of assets. In reason we see no valid distinction between a stockholder's and a policyholder's derivative suit seeking relief of this character. As we said in Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 425, certiorari denied 323 U.S. 737, 65 S.Ct. 36, "A shareholder's suit in essence is nothing more than a suit by a beneficiary of a fiduciary to enforce a right running to the fiduciary as such." With respect to its cause of action against a faithless director, the company is a trustee for the policyholders who will benefit by its recovery of diverted assets. Even if there were more doubt than appears to us as to the plaintiff's right under Illinois law to sue on

---

[2] While a federal court is not bound to follow state cases in respect to discretionary declination of jurisdiction—Gilbert v. Gulf Oil Corporation, 2 Cir., 153 F.2d 883—it is interesting to note that the New York courts would not have declined jurisdiction had this been a derivative suit by a shareholder in a stock corporation. Miller v. Quincy, 179 N.Y. 294, 72 N.E. 116; Ernst v. Rutherford & B. S. G. Co., 38 App.Div. 388, 56 N.Y.S. 403; Goldstein v. Lightner, 266 App.Div. 357, 42 N.Y.S.2d 338, affirmed 292 N.Y. 670, 56 N.E.2d 98.

behalf of the company such doubt "is not a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case properly before it." Williams v. Green Bay & Western R. Co., supra [66 S.Ct. 286].

■ Nor can non-exercise of federal jurisdiction be rested, in our opinion, on the theory that the court's action might interfere with the functioning of the state administrative agency which supervises insurance companies. For reasons stated in the Winger case, supra, the type of relief sought will not so interfere.

The issue really comes down to whether maintenance of the suit in New York will be so vexatious or oppressive that "considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case." See Rogers v. Guaranty Trust Co., 288 U.S. 123, 131, 53 S.Ct. 295, 298, 77 L.Ed. 652, 89 A.L.R. 720. On this issue the district court's opinion mentions as pertinent considerations the following facts derived from an affidavit by Lumbermens' secretary:

"Lumbermens does business in every one of the 48 states. It employs approximately 2,144 persons, 750 of whom are employed in the Chicago offices, the home and principal place of business of Lumbermens since its organization. All of the general records relating to the business of Lumbermens are maintained in Chicago or warehouses located closely thereby. Lumbermens has seven directors, five of whom are residents of the State of Illinois having regular places of business in the City of Chicago. The other officers are residents of the State of Illinois. None of the records necessary for the trial of the issues of this action and none of the witnesses who apparently have any knowledge of the acts alleged in the complaint live outside the State of Illinois, and most of the witnesses and all of the records are in and about the City of Chicago.

"There will be involved in the trial of this action the transportation of large quantities of records from Chicago to this District. There will also be involved the traveling expenses and subsistence of witnesses for examination before trial of directors, officers and employees of Lumbermens and the attendant loss of time of these witnesses when they come to this District. If the defendant is successful, it would be most unjust to require the tremendous expense involved, and this is true should the plaintiff be successful.

\*   \*   \*   \*   \*

"Another item to be taken into consideration is the extreme emergency with respect to transportation and hotel accommodations which now exists and which will undoubtedly exist for some time to come."

■ The secretary's affidavit also states that the plaintiff became a policyholder in May 1941 and since that date has paid to Lumbermens total premiums of less than $250; and if plaintiff were entirely successful in his suit the net effect of the recovery by Lumbermens upon plaintiff's interest in the company would be an increase, negligible in amount, in the dividends applicable to his policy. None of the foregoing facts was controverted by the plaintiff. He relied solely on the legal proposition that the exercise of jurisdiction was mandatory. In that he is in error. The last paragraph of the opinion in the Williams case, supra, implicitly recognizes that jurisdiction may be declined if maintenance of the suit will be vexatious or oppressive, but holds that the facts there appearing do not lead to that conclusion, "whether the availability of witnesses or any other aspect of a trial be considered." The decision of this court in Gilbert v. Gulf Oil Corporation, handed down herewith, is to the same effect. Hence we think that the district court had discretion to decline jurisdiction, and on the undisputed facts no abuse of discretion has been made to appear. See Charter Shipping Co. v. Bowring, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008. On that ground the judgment is affirmed.

CLARK, Circuit Judge (dissenting).

Williams v. Green Bay & Western R. Co., 66 S.Ct. 284, reversed the exercise of discretion by the trial court, D.C.S.D.N.Y., 59 F.Supp. 98, affirmed by this court, 2 Cir., 147 F.2d 777, to restrict the doctrine of forum non conveniens in narrow limits in cases claimed to involve interference with the internal affairs of a foreign corporation. While doing so, it clearly implied further disapproval of the reaches of Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, decided by a divided court and ever since the subject of critical comment. Cf. Cohen v. American Window Glass Co., 2

Cir., 126 F.2d 111, 113, 114; Frank, J., dissenting in the Williams case, 2 Cir., 147 F.2d 777, 781. The Williams case cannot therefore serve as authority for an extension of the doctrine admittedly going beyond that recognized even in the locale most hospitable to it, New York; indeed, quite the contrary.

As we pointed out in Gilbert v. Gulf Oil Corp., 2 Cir., 153 F.2d 883, 886—another attempt to extend the doctrine even beyond the New York precedents—it seems a serious thing for federal judges of their own initiative to introduce a limitation of the authorized diversity jurisdiction of the federal courts to that district only where most of the witnesses seem likely to be. It may well be a matter of interest to Congress, as in the proposed revision of the Judicial Code which now purports both to *extend* the venue of actions against foreign corporations and to grant a discretionary power of transfer "for the convenience of parties and witnesses." Gilbert v. Gulf Oil Corp., supra. But it is another thing for a court to say to a plaintiff that even though Congress has specifically provided that you may sue a defendant duly served in your home district, 28 U.S.C.A. § 112, you may not do so if it will inconvenience your adversary. And even the legislative body may hesitate to change the existing statutes upon examining some of the grounds here relied on for a denial of jurisdiction: the small amount of the plaintiff's investment, the supposed lack of hotel accommodations in this metropolitan area, the fact that defendant, like most large corporations today, does business and can be sued in many federal districts, and that it is a large corporation at its home base. Such considerations might lead legislators to think that the usually assigned reason for this jurisdiction, the avoidance of local prejudice, has still a sphere of operation.

To date the operation of the doctrine of refusal of jurisdiction otherwise granted seems to have been limited in the federal courts to the case of supervision of a corporation, noted above, and the quite special admiralty doctrine of refusing adjudication of claims between "foreigners" (real foreign litigants, not merely citizens of another state). The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152; Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008. And perhaps there is still open the question which troubled us in Gilbert v. Gulf Oil Corp., supra, namely, whether we should take over the special New York rule applied there in personal injury and death damage cases. This represents a great extension of the rule beyond anything I have been able to discover. If it is to be done at all, it should be in an unusually "vexatious or oppressive" case, as the terms were used in Williams v. Green Bay & Western R. Co., supra, 66 S.Ct. 284, 287. But this case, like the Gilbert case, illustrates the quite natural, indeed human, tendency of the district court to accept vague generalities as an excuse for avoiding a perhaps protracted litigation. Outside of the considerations mentioned above, which are surely immaterial, if not prejudicial to a fair examination of the point, the only ground seems to be the contention of the Casualty Company (the real beneficiary of the action, albeit the only moving party here) that it has many record books, as well as officers, located in Chicago. As I try to pierce these generalities, I find very little; indeed, it seems likely that the records can and should be summarized in written form and that the case may turn upon issues of law upon agreed or undisputed facts as to the employment of the company's president and of his separate company for unusual remuneration and commissions. Outside of his own testimony, which it probably lies in his power to limit to a deposition if he so chooses, Federal Rule 26(d), 28 U.S.C.A. following section 723c, the amount of oral testimony and of disputed evidence of any sort seems limited. I question the power and policy involved in introducing into the law a limitation upon federal jurisdiction of this kind, and certainly of doing so upon the basis of such vague and general affidavits as these.