KASSNER v. UNITED STATES PICTURES, Inc., et al.

MENCHER v. UNITED STATES PICTURES, Inc., et al.

LAVINE v. UNITED STATES PICTURES, Inc., et al.

BIRN v. UNITED STATES PICTURES, Inc., et al.

United States District Court
S. D. New York, Civil Division.
Dec. 27, 1948.

634

Moroney & Ettinger, of New York City (Sol Pottish and Harry L. Ettinger, both of New York City, of counsel), for plaintiff Birn.

Israel Beckhardt, of New York City, for plaintiff Kassner.

Oscar Schleiff, of New York City, for plaintiff Lavine.

Sidney L. Garwin, of New York City, for plaintiff Mencher.

Simpson, Thacher & Bartlett, of New York City, for defendant Bernhard.

Friedman & Bareford, of New York City, for defendants Warner Bros. Pictures, Inc., and Robert W. Perkins.

RYAN, District Judge.

Similar motions to dismiss the complaint in four different stockholders' derivative actions are made by defendants, who urge that this court is without jurisdiction because of lack of diversity of citizenship—the ground upon which jurisdiction is predicated.

The defendants in all four actions are the same except for the action brought by plaintiff Birn in which Robert W. Perkins is not named defendant. The claims asserted are identical—

Plaintiffs-stockholders assert on behalf of Warner Bros. Pictures, Inc., the allegedly wronged corporation, claims against certain officers and directors of that corporation and against other corporations alleging that by their wrongful acts, they and others benefited to the detriment of Warner Bros. Pictures, Inc.

Since the questions raised by these motions are the same they are simultaneously considered.

■ Plaintiffs are citizens of New York; defendants Robert W. Perkins and Joseph Bernhard are conceded by plaintiffs to be citizens of New York, also. The complaints as to these defendants must be dismissed.

This having been accomplished, the remaining defendants argue that the complaints as to all of them must be dismissed, because Perkins and Bernhard are indispensable parties to the suits in which they were originally named. Federal Rules Civil Procedure, rule 19, 28 U.S.C.A.

■ The dismissal of the complaint as to one or more of the named defendants, when it will cure a defect claimed in jurisdiction does not of necessity require the dismissal of the action as to all defendants. Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984.

■ The liability of all the defendants on the claims pleaded is joint and several. Defendants Perkins and Bernhard are not necessary or indispensable parties; they are named along with the others as joint tort-feasors. Koster v. (American) Lumbermens Mutual Casualty Co., 2 Cir., 1946, 153 F.2d 888; Fletcher, Cyclopedia Corporations Vol. 3, Secs. 1002, 1314; Moore, Federal Practice, Vol. 2, Sec. 19.03, p. 2146.

■ Although Bernhard it is alleged is a director of Warner Bros. Pictures, Inc., it appears that he is not and was not a director of the corporation at the time of the alleged fraudulent transactions. It is not very material whether he was a director at that time; sufficient it is that he is alleged to have knowingly profited by conspiring with the directors and by working in agreement with them. The actions essentially are to compel an accounting and to impress a trust upon the fruits of the wrongdoing. All alleged conspirators may be joined in one action, if possible, but when this cannot be done it may proceed only against those over whom jurisdiction may be obtained.

The complaints are dismissed without prejudice as to defendants Perkins and Bernhard; in all other respects the motions are denied.

Orders may be settled on notice.