## CARRUTHERS v. JACK WAITE MINING CO. et al.

United States District Court
S. D. New York.
April 22, 1953.

Archibald Palmer, New York City, for plaintiff.

Michael R. Todd, New York City, for defendant, Jack Waite Mining Co.

LEIBELL, District Judge.

This is a derivative stockholders suit. Plaintiff is a stockholder of Jack Waite Mining Company, an Arizona corporation. He brings this action on behalf of the Mining company against said company, as a nominal defendant, and against American Smelting and Refining Company, the real defendant. The action is based upon alleged breaches of a contract between the Mining company and American made in 1934, under which American was to develop certain mining properties of the Mining company located in Idaho and Montana. American is a New Jersey corporation with offices in New York. The contract provided that any dispute arising thereunder was to be adjudicated by the New York courts.

On a prior motion in this case, directed to the original complaint, Judge Ryan denied a motion of the defendant, Mining company, for a summary judgment dismissing this action; but he granted a motion to dismiss (with leave to serve an amended complaint) on the grounds that the complaint did not show a compliance with Fed.Rules Civ.Proc. rule 23(b), 28 U.S.C.A., in particular that no sufficient reasons were alleged for failure to demand that the directors bring suit against American on behalf of the Mining company. The plaintiff has filed an amended complaint, to which the defendant, the Mining company, directs a similar motion. The defendant American has filed its answers to both the original and the amended complaints.

The Mining company's present motion seeks the following relief: (1) Dismissal of the amended complaint for failure to allege with particularity the efforts plaintiff made to secure from the shareholders of the Mining company "such action as he desires", or the reason for failing to do so. Rule 23(b), Fed.Rules Civ.Proc.

(2) Dismissal, because the amended complaint fails to allege with particularity the efforts plaintiff made to secure from the managing directors of the Mining company "such action as he desires", or to state the reasons for not making such effort. Rule 23(b), Fed.Rules Civ.Proc.

(3) Summary judgment dismissing the complaint.

■ I have read the amended complaint and the briefs of counsel. The motion for summary judgment is denied. As Judge Ryan observed, there are controversial issues to be tried. The answer of American to the amended complaint contains many denials.

■ The motion to dismiss for failure to comply with Rule 23(b), i. e. to allege what efforts were made to get action by the directors, to allege good reasons for not making such effort, is also denied. The amended complaint taken in its entirety, and considering in particular the allegations of paragraphs 16th and 17th, meets the requirements of the rule.

■ Under the Arizona law, and generally, the affairs of a corporation are in the control of the Board of Directors. It does not appear that any provision of Arizona's statutes or of the Mining company's by-laws contains any requirement that would make it "necessary" that the approval of the stockholders be first obtained to the institution of a derivative action on behalf of the corporation. New York has no such requirement.

I have had occasion to pass upon the application of Rule 23(b) in several cases. Cohen v. Industrial Finance Corporation, D.C., 44 F.Supp. 491; Craftsman Finance & Mortgage Inc. v. Brown, D.C., 64 F.Supp.

168. See, also, Steinberg v. Adams, D.C., 90 F.Supp. 604, an opinion by Judge Rifkind.

In the case at bar the directors of the Mining company are not named as party defendants, although they are charged with permitting the acts complained of. The action is directed against American. Any recovery would enure to the benefit of the Mining company. But the board of directors of the Mining company, who, according to the amended complaint, have paid little attention to the Mining company's business, now seek to dismiss the amended complaint herein.

The motions made on behalf of the defendant, Jack Waite Mining Company, are in all respects denied.