Mary Adela EADS, in her individual right and as a stockholder of Garcia & Diaz, Inc., suing on her behalf and in the right of Garcia & Diaz, Inc., Plaintiff,

v.

GARCIA & DIAZ, Inc. and the following Directors, Marcelino Garcia, Sr., Marcelino Garcia, Jr., Quentin M. Garcia, Mario Garcia, William A. Martinez, Defendants.

United States District Court,
S. D. New York.
March 17, 1955.

.318

Vincent J. O'Reilly, New York City, for plaintiffs.

Breed, Abbott & Morgan, New York City, Thomas W. Kelly, New York City, of counsel, for defendants.

SUGARMAN, District Judge.

In a stockholder's derivative action against the corporation and five of its directors, four of the individual defendants, Marcelino Garcia, Sr., Marcelino Garcia, Jr., Quentin M. Garcia and Mario Garcia, move to

"dismiss the action or in lieu thereof to quash the return of service of the summons on the ground that these defendants and each of them have not been properly served with process in the action * * *".

The Marshal's return certifies:

"I hereby certify and return that on Jan. 14, 1955 I received the with-

in summons and on Jan. 17, 1955 at 25 Broadway, New York, N. Y. I served same on the within-named defendants: Garcia & Diaz Inc. Marcelino Garcia Sr., Marcelion [sic] Garcia Jr., Quentin M. Garcia, Mario Garcia and William A. Martinez by delivering to and leaving (6) Copies thereof, together with 6 copies of the complaint with William A. Martinez, individually, as Treas. of Corporation and for All Others (Authorized) * * * Thomas J. Lunney U. S. Marshal, SDNY, By: Michael W. Radice Deputy U. S. Marshal, SDNY".

In support of their motion, the individual movant-defendants submit the affidavit of William A. Martinez in which he categorically denies that he is or ever was authorized to receive or accept process for or on behalf of any one of the moving defendants.

In opposition to the motion, the plaintiff submits the affidavit of the Deputy Marshal who attempted to effect service, in which he claims that Martinez represented that he was authorized by the moving defendants to accept service of process upon them.

■ Assuming that Martinez made the representation to the Deputy Marshal which he now denies making, namely, that he was an agent duly authorized to receive service of process on behalf of the movants, this bare statement is far from sufficient to establish the alleged agency.[1]

Accordingly, the branch of the motion to quash the return of service of the summons on the defendants Marcelino Garcia, Sr., Marcelino Garcia, Jr., Quentin M. Garcia and Mario Garcia is granted and it is so ordered.

The remaining defendants Garcia & Diaz, Inc., and William A. Martinez move (a)

"to dismiss the complaint on the ground of failure to comply with

1. Federal Reserve Bank of New York v. Palm, 2 Cir., 79 F.2d 539.

Rule 23(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.] in that the complaint fails to allege and set forth with particularity the efforts of the plaintiff to secure from the *directors or shareholders* of defendant Garcia & Diaz, Inc., such action as plaintiff desires and the reasons for plaintiff's failure to obtain such action or the reasons for not making such effort"

and (b)

"to dismiss the complaint on the ground that plaintiff has failed to join Manuel Diaz, Jr. as a defendant. Said Manuel Diaz, Jr. was at all times referred to in the complaint as [sic] one of the directors of Garcia & Diaz, Inc. together with the other individually named defendant directors and is therefore an indispensable party defendant.".

 Although the complaint does not recite any prior efforts on plaintiff's part to secure from the managing directors the relief sought, the reasons for not making the effort are clear on its face. Considering *inter alia* the allegations of wrongdoing by the defendants and the control of the corporate defendant by the individual defendants, an allegation of demand on the defendants is unnecessary.[2]

As to defendants' further contention that Manuel Diaz, Jr., is an indispensable party defendant and his absence from the suit compels dismissal of the complaint, the contention is not well founded.

■■ The indispensability of a party is gauged by the relief sought.[3] In the complaint at bar plaintiff charges only the named directors with the alleged wrongdoing which serves as the basis for the relief sought, i. e., (a) an accounting to the corporate defendant by said named directors for moneys received, (b) disclosure of agreements between corporate defendant and its affiliates and subsidiaries, (c) disclosure of agreements between foreign companies and nationals and corporate defendant and its affiliates and subsidiaries and (d) appointment of a receiver for corporate defendant. Manuel Diaz, Jr., the director omitted from this suit is not an indispensable party thereto. No wrongdoing is charged to him and full relief can be accorded without his being a defendant herein.

The branch of the motion to dismiss the complaint is denied and it is so ordered.

---

**2.** Carruthers v. Jack Waite Mining Co., D.C.S.D.N.Y., 14 F.R.D. 475; Craftsman Finance & Mortgage Co. v. Brown, D.C.S.D.N.Y., 64 F.Supp. 168; Cohen v. Industrial Finance Corporation, D.C.S.D. N.Y., 44 F.Supp. 491; Moore's Fed.Prac., 2d Ed., Vol. 3, para. 23.19, p. 3523 et seq.

**3.** Koster v. (American) Lumbermens Mut. Casualty Co., 2 Cir., 153 F.2d 888, affirmed, 330 U.S. 518, 67 S.Ct. 828, 91 L. Ed. 1067.