**Seymour STONE, etc., Plaintiff,**

v.

**MERRITT–CHAPMAN & SCOTT CORPORATION et al., Defendants.**

United States District Court
S. D. New York.

Nov. 14, 1957.

Philip Novick, New York City, for plaintiff.

Manning, Hollinger & Shea, New York City, for defendants Merritt-Chapman & Scott Corp., William Denny, Rolland O. Baum, Marshal G. Staub and Robert E. Harvey. William A. Shea, Bruce A. Hecker, Ralph L. Ellis, New York City, of counsel.

LEVET, District Judge.

This is a stockholder's derivative action. Jurisdiction of this court is allegedly based upon diversity of citizenship. The action is brought by the plaintiff, Seymour Stone, a citizen and resident of the State of New York, on behalf of himself and other stockholders of Merritt-Chapman & Scott Corporation (hereinafter referred to as Merritt), Marion Power Shovel Company and The Osgood Company.

The defendants Merritt, William Denny, Rolland O. Baum, Marshal G. Staub and Robert E. Harvey (said individual defendants all hereinafter called by their surnames) have moved for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the action on the ground that the court lacks jurisdiction of the subject matter because the controversy is not between citizens of different states, in that defendants Denny, Harvey, Staub and Baum and the plaintiff are citizens of the State of New York.

It appears without contradiction that the plaintiff is a citizen and resident of the State of New York and it is so alleged in the complaint. The defendant Merritt is a Delaware corporation; defendant Universal-Marion Corp. is a corporation of the District of Columbia; defendants Marion Power Shovel Company and The Osgood Company are Ohio corporations. The defendants Denny,

**316**

Harvey, Staub and Baum are citizens and residents of the State of New York.

Merritt and the individual defendants Denny, Harvey, Staub and Baum contend that this court does not have jurisdiction since it is claimed that complete diversity must exist between all the plaintiffs and all the defendants. The presence of these individual defendants unquestionably presents an impediment to the diversity jurisdiction of this court under 28 U.S.C.A. § 1332. See Levering & Garrigues Co. v. Morrin, 2 Cir., 1932, 61 F.2d 115, affirmed 1933, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. The complaint must, therefore, be dismissed as to them. Kassner v. United States Pictures, Inc., D.C.S.D.N.Y.1948, 82 F.Supp. 633.

However, since plaintiff alleges a joint and several liability, these individual defendants are not indispensable parties to the action and, therefore, the action may continue as to the other defendants named in the complaint. Kassner v. United States Pictures, Inc., supra; see also Montro Corp. v. Prindle, D.C.S.D. N.Y.1952, 105 F.Supp. 460, 463.

In the Kassner case, supra, which involved a motion to dismiss four stockholders' derivative actions for lack of jurisdiction, Judge Sylvester J. Ryan stated:

> "Plaintiffs are citizens of New York; defendants Robert W. Perkins and Joseph Bernhard are conceded by plaintiffs to be citizens of New York, also. The complaints as to these defendants must be dismissed.

> "This having been accomplished, the remaining defendants argue that the complaints as to all of them must be dismissed, because Perkins and Bernhard are indispensable parties to the suits in which they were originally named. Federal Rules Civil Procedure, rule 19, 28 U.S.C.A.

> "The dismissal of the complaint as to one or more of the named defendants, when it will cure a defect claimed in jurisdiction does not of

necessity require the dismissal of the action as to all defendants. Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984.

> "The liability of all the defendants on the claims pleaded is joint and several. Defendants Perkins and Bernhard are not necessary or indispensable parties; they are named along with the others as joint tort-feasors. Koster v. (American) Lumbermens Mutual Casualty Co., 2 Cir., 1946, 153 F.2d 888; Fletcher, Cyclopedia Corporations Vol. 3, Secs. 1002, 1314; Moore, Federal Practice, Vol. 2, Sec. 19.03, p. 2146." 82 F.Supp. at page 634.

Accordingly, the complaint is dismissed without prejudice as to the individual defendants Denny, Harvey, Staub and Baum, and the motion is in all other respects denied.

So ordered.